UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Petitioner,<br><br>    v.<br><br>DELOITTE TOUCHE TOHMATSU CPA, LTD.,<br><br>    Respondent. | Miscellaneous Action No. 11-0512 GK/DAR |

## MEMORANDUM OPINION AND ORDER

This miscellaneous action was commenced by the filing by Petitioner, the United States Securities and Exchange Commission, of its Application for Order to Show Cause and for Order Requiring Compliance With a Subpoena ("Petitioner's Application") (Document No. 1).[1] Thereafter, this action was referred to the undersigned United States Magistrate Judge for full case management.  Amended Order (Document No. 5) at 1.  At the time of the referral, no counsel had entered an appearance on behalf of Respondent, Deloitte Touche Tohmatsu CPA Ltd.[2]  At a status hearing, at which only counsel for Petitioner appeared, the court ordered

---

[1] Petitioner is an agency of the United States government that has the authority, by statute, to conduct investigations of possible violations of federal securities law.  *See* Securities Act of 1933 § 22(b), 15 U.S.C. § 77v(b); Securities Exchange Act of 1934 § 21(c), 15 U.S.C. § 78u(c).  Petitioner asserted that on May 27, 2011, it served an administrative subpoena on Respondent in connection with an investigation styled *In the Matter of Longtop Financial Technologies Limited*, SEC File HO-11698.  Petitioner's Application at 1.

[2] Respondent, according to Petitioner, "is an accounting firm 'based' in the People's Republic of China and is registered in the United States as a public accounting firm with the Public Company Accounting Oversight Board (the "PCAOB")."  Petitioner's Application at 3.  Respondent is a "Chinese member firm of Deloitte Touche Tohmatsu Limited, a UK private company."  *Id.*

Securities and Exchange Commission v. Deloitte Touche Tohmatsu                                                  2

Petitioner to address, in a written memorandum, (1) the authority for the issuance of the proposed show cause order in the absence of service of the application on Respondent, and (2) should service of the application be deemed a prerequisite to the issuance of the proposed show cause order, what provision of the Federal Rules of Civil Procedure governs.  *See* 10/07/2011 Minute Order.

Petitioner filed a memorandum in accordance with the court's order.  Securities and Exchange Commission's Memorandum of Law in Further Support of its Application for Order to Show Cause ("Petitioner's Memorandum") (Document No. 7); *see also* Declaration of Mark Lanpher Pursuant to 28 U.S.C. § 1746 ("Lanpher Declaration") (Document No. 8).

Upon consideration of the memorandum and affidavit, and of the authorities cited therein, the court finds, largely for the reasons offered by Petitioner, that service of the application is not a prerequisite to the issuance of the proposed show cause order.  The court observes that the District of Columbia Circuit has repeatedly approved the issuance of a show cause order in a miscellaneous action brought by an agency, commission or corporation of the United States in the absence of prior service of the application upon the respondent.  *E.g., Resolution Trust Corp. v. Frates,* 61 F.3d 962, 963-64 (D.C. Cir. 1995) (affirming district court's *ex parte* order to show cause); *see also SEC v. Lines Overseas Management, Ltd.*, No. Civ. A. 04-302, 2005 WL 3627141, at *9, 12 (D.D.C. January 7, 2005) (District court granted Petitioner's application for order to show cause noting that the Security Exchange Act permits worldwide service of process in cases involving the enforcement of subpoenas).

The undersigned further finds that in this instance, the procedure countenanced by this Circuit cannot be said to prejudice Respondent: counsel for Petitioner "[has] had numerous

Securities and Exchange Commission v. Deloitte Touche Tohmatsu                                      3

conversations with . . . counsel for the Respondent[,]" "advise[d] him of the pending filing [of the application for an order to show cause and to enforce a subpoena[,]" and "sent him copies of the SEC's filings via e-mail[.]"  Lanpher Declaration, ¶¶ 5, 6; *see also id.,* ¶¶ 7-11.  Indeed, at the status hearing, Petitioner's counsel of record represented that Respondent's counsel was seated in the gallery of the courtroom.

For all of the foregoing reasons, the court finds that service of the application is not a prerequisite to the issuance of the proposed show cause order.[3]  It is, therefore, this 4th day of January, 2012,

**ORDERED** that Petitioner's Application for Order to Show Cause (Document No. 1, Part 1) is **GRANTED,** and that a show cause will be conducted in accordance with the Order to Show Cause filed on this date.[4]


                                                             /s/
                                                DEBORAH A. ROBINSON
                                                United States Magistrate Judge

---

[3] The court thus has no occasion to make findings with respect to the provision of the Federal Rules of Civil Procedure would govern service of the application.  *See* Petitioner's Memorandum at 5-13.

[4] Petitioner's application for an order directing compliance with its subpoena (Document No. 1, Part 2) will be a subject of the hearing, and, accordingly, remains pending.  The court is mindful that "[s]ubpoena enforcement proceedings must be adversarial in character and . . . afford an adequate opportunity to raise all objections to (the) administrative subpoena."  *SEC v. Lavin*, 111 F.3d 921, 925 (D.C. Cir. 1997) (citation omitted).