IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Petitioner, | ) Miscellaneous Action ) No. 11-0512 GK/DAR |
| -v.- | ) ) |
| DELOITTE TOUCHE TOHMATSU CPA LTD., | ) ) ) |
| Respondent. | ) ) |

**UNOPPOSED MOTION OF RESPONDENT DELOITTE TOUCHE TOHMATSU CPA LTD. TO VACATE THE SCHEDULE SET OUT IN THE ORDER TO SHOW CAUSE AND REQUIRE THE PARTIES TO NEGOTIATE A NEW SCHEDULE**

Respondent Deloitte Touche Tohmatsu CPA Ltd. ("DTTC"), by undersigned counsel, respectfully moves this Court to vacate the schedule set out in the Order to Show Cause submitted by the Petitioner Securities and Exchange Commission ("SEC") and signed by the Court and require the Parties to negotiate a new schedule. DTTC respectfully submits that the issues raised in this current action are novel and important. Those issues include, among others, jurisdictional and service issues, the SEC's authority to issue subpoenas to entities abroad, the effect of the recently enacted Dodd-Frank Act on the responsibilities of foreign public accounting firms, and important issues of international sovereignty involving governments in conflict. DTTC believes that the complexity of the issues presented here require thorough briefing, reliance upon experts knowledgeable in the relevant areas of foreign law, and limited discovery. A negotiated schedule will allow for such steps.

DTTC files this motion and appears through counsel subject to its objections to service of the Order to Show Cause and related documents, to personal jurisdiction, and to subject matter

jurisdiction.  DTTC expressly reserves its right, at the appropriate time, to raise these objections through motion, responsive pleading, or otherwise.

DTTC and the SEC have conferred regarding this motion.  Petitioner does not oppose this motion.

In support of its motion, DTTC states as follows:

1. On May 27, 2011, the SEC issued a Subpoena to DTTC calling for the production of documents located in the mainland of the People's Republic of China ("PRC") relating to Longtop Financial Technologies, Inc. ("Longtop"), an audit client from which DTTC recently had resigned.  (*See* Document No. 1-2, Ex. C.)

2. On September 8, 2011, the SEC filed an Application for Order to Show Cause and for Order Requiring Compliance with a Subpoena (the "Application") attaching a draft Order to Show Cause (Document 1-4, Ex. A), a supporting brief (Document No. 1-1), and a declaration, with additional exhibits attached (Document No. 1-2).

3. On January 4, 2012, the Court issued its Opinion and executed the Order to Show Cause prepared by the SEC.  The Court set out in the Order that DTTC shall submit a statement of points and authorities in opposition to the Application no later than January 20, 2012, and that the SEC shall submit a reply no later than January 27, 2012.

4. A negotiated schedule is appropriate because the issues presented here are novel and important.  The SEC seeks enforcement of a subpoena to compel the production of documents from DTTC that are located in the PRC.  As the SEC made clear in the Memorandum in Support of its Application, these issues include, at a minimum, jurisdictional and service issues (Document No. 1-1 at 5-7), the SEC's authority to issue subpoenas to entities abroad (*id.* at 7-10), the effect of the recently enacted Dodd-Frank Act on the responsibilities of foreign

public accounting firms (*id.* at 11-13), and issues of international sovereignty when it has been asserted that the demands of two governments potentially are in conflict (*id.* at 14-22).

5. From DTTC's perspective, one of DTTC's Chinese regulators, the China Securities Regulatory Commission, has made clear that any requests for DTTC documents located in the PRC from any foreign regulators (including the SEC) must come through the CSRC. The CSRC also has made clear that DTTC would violate China law if it were to produce documents relating to Longtop directly to the SEC. Resolution of these issues potentially will affect more than DTTC. The restrictions on the production of documents to foreign regulators under China law apply to all China-based accounting firms. And any ruling in this case may affect not only China-based accounting firms, but potentially US-based multinational corporations with significant operations in China, whose US-based auditors depend on the work of their foreign counterparts.

6. The necessary factual development, briefing, and hearing on these issues will require an appropriate schedule. Moreover, the SEC and DTTC both expect to have expert witnesses regarding China law, all of which would take more time than is currently allowed.

WHEREFORE, for the foregoing reasons, Respondent Deloitte Touche Tohmatsu CPA Ltd., respectfully requests the Court that it vacate the currently ordered schedule, require the Parties to negotiate a new schedule, and file an agreed upon schedule (or, if DTTC and the SEC cannot agree, separate proposed schedules) within 10 days of the order on this motion.

Dated: Washington, DC               Respectfully submitted,

    January 11, 2012                     _____/s/Michael D. Warden/_____

                                              SIDLEY AUSTIN LLP
                                              Michael D. Warden (419449)
                                              HL Rogers (974462)
                                              Sidley Austin LLP
                                              1501 K Street, NW
Of counsel:                         Washington, DC  20005
                                              (202) 736-8000

SIDLEY AUSTIN LLP
Gary Bendinger
787 Seventh Avenue
New York, NY 10019
(212) 839-5387

David A. Gordon
One South Dearborn
Chicago, IL 60603
(312) 853-7159

                    *Counsel for Deloitte Touche Tohmatsu CPA Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Petitioner, )<br>)<br>-v.- )<br>)<br>DELOITTE TOUCHE TOHMATSU CPA LTD., )<br>)<br>Respondent. )<br>_____ ) | Miscellaneous Action<br>No. 11-0512 GK/DAR |

**ORDER VACATING THE SCHEDULE SET OUT IN THE ORDER
TO SHOW CAUSE AND REQUIRING THE PARTIES TO
NEGOTIATE A NEW SCHEDULE**

The Respondent, having filed an Unopposed Motion to Vacate the Schedule Set Out in the Order to Show Cause and Require the Parties to Negotiate a New Schedule, and the Court having considered the Motion, and good cause having been shown, it is hereby,

ORDERED that the Schedule set out in the Order to Show Cause is vacated and the Parties are required to confer in good faith to agree on a proposed schedule and shall file a joint schedule 10 days after this order is issued. If the parties are unable to agree on a joint schedule, each party shall submit its proposed schedule 10 days after this order is issued.

_____

Judge Deborah A. Robinson
United States Magistrate Judge

Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Petitioner, | ) Miscellaneous Action ) No. 11-0512 GK/DAR |
| -v.- | ) ) |
| DELOITTE TOUCHE TOHMATSU CPA LTD., | ) ) ) |
| Respondent. | ) ) ) |

**CERTIFICATE OF SERVICE**

I certify that on January 11, 2011, I served, via first class mail and email, Respondent's Unopposed Motion to Vacate the Schedule Set Out in the Order to Show Cause and Require the Parties to Negotiate a New Schedule on:

       Mark Lanpher
       Securities and Exchange Commission
       100 F Street NE
       Washington, DC 20549
       LanpherM@sec.gov

Dated: Washington, DC        Respectfully submitted,

    January 11, 2012              /s/Michael D. Warden/

                                      SIDLEY AUSTIN LLP
                                      Michael D. Warden (419449)
                                      HL Rogers (974462)
                                      Sidley Austin LLP
                                      1501 K Street, NW
                                      Washington, DC 20005
                                      (202) 736-8000

                                      *Counsel for Deloitte Touche Tohmatsu CPA Ltd.*