**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **U.S. Securities and Exchange Commission** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -v.- | ) | 11 Misc. 512 GK/DAR |
| | ) | |
| **Deloitte Touche Tohmatsu CPA Ltd.** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN**
**OPPOSITION TO RESPONDENT'S MOTION TO CLARIFY**
**THE COURT'S ORDER TO SHOW CAUSE**

The United States Securities and Exchange Commission ("SEC" or "Commission")

respectfully submits this memorandum in opposition to the January 11, 2012 Motion of

Respondent Deloitte Touche Tohmatsu CPA Ltd. ("Respondent") to "clarify" the Order to

Show Cause issued on January 4, 2012 (the "Motion to Clarify").  The SEC respectfully

submits that the Respondent's Motion to Clarify should be denied because, simply put, there is

nothing unclear about this Court's Order to Show Cause.

This Court's Order to Show Cause plainly authorized the SEC to serve the Order upon

the Respondent by providing a copy to the Respondent's U.S. counsel "by overnight mail,

facsimile or electronic mail delivery" (Document 11, at 2) – something that has been done, as

acknowledged by the Respondent's Motion.  The Respondent nevertheless contends that the

Order needs to be "clarified" because it "appears to be inconsistent with the Court's holding [in

the related opinion issued by the Court on January 4, 2012] that it did not have occasion to rule

on service issues."  (Motion to Clarify, at 3).  This claimed lack of clarity is illusory.

This Court's January 4, 2012 Opinion concluded that the SEC was not required to serve the Respondent with the SEC's Application for an Order to Show Cause prior to this Court's issuance of an Order to Show Cause. In other words, this Court concluded that it could issue an Order to Show Cause *ex parte*. Accordingly, this Court deemed it unnecessary to address what "provision of the Federal Rules of Civil Procedure would govern service of the *Application.*" (Document 10, at 3 n.3) (emphasis added). The appropriate means of service of the Order to Show Cause is a different matter; and as to that issue, this Court spoke clearly in authorizing the SEC to serve it upon the Respondent's counsel.

Not only was the language of this Court's Order to Show Cause clear – so too was its intent. This Court clearly understood that, by issuing the Order to Show Cause, the SEC could serve it upon the Respondent's counsel immediately and the Respondent could be made to respond within weeks. Indeed, the Court directed the SEC to serve the Order to Show Cause the day after it had been issued, and directed the Respondent to respond with any responsive filings by January 20, 2012. As had been briefed to the Court by the SEC in advance of this Court's issuance of the Order to Show Cause (*see* Document 7, at 10-13), part of the reason the SEC was seeking this alternative means of service of the Order to Show Cause (which was authorized by the Rule 4(f)(3) of the Federal Rules of Civil Procedure) was to permit precisely this sort of briefing schedule. [1] As this Court apparently recognized in issuing its Order, requiring the SEC to serve the Order to Show Cause upon the Respondent through the Hague

---

[1]   As evidenced by the Respondent's Unopposed Motion to Vacate the Schedule Set Out in the Order to Show Cause, filed January 11, 2012, the Respondent has requested that the briefing schedule set out in the Order to Show Cause be vacated so that the parties can confer in good faith and propose an alternative, negotiated schedule. The SEC did not oppose to the Respondent's request.

Convention (in a summary proceeding of which the Respondent already had notice) would have invited unnecessary and detrimental delay.

Of course, the fact that this Court's Order to Show Cause authorized the SEC to serve it upon the Respondent by providing a copy to the Respondent's counsel does *not* mean that this Court cannot reconsider any issues that may later be raised by the Respondent as to the validity of this form of service.  Indeed, to the extent that the Respondent decides to object to the manner of service authorized by this Court's Order to Show Cause, the Respondent can of course do so as part of any opposition to the SEC's underlying application for an order enforcing the subpoena.  But the proper forum for such an objection to service is not a motion to "clarify" a clear order of this Court.

Accordingly, the SEC respectfully submits that this Court should deny the Respondent's Motion to Clarify this Court's Order to Show Cause.

Dated:  January 12, 2012

                                      Respectfully submitted,

                                      /s/ Mark Lanpher
                                      Mark Lanpher
                                      Attorney for Plaintiff
                                      SECURITIES AND EXCHANGE
                                      COMMISSION
                                      100 F Street, NE
                                      Washington, DC 20549
                                      (202) 551-4879 (Lanpher)
                                      Fax: (202) 772-9228
                                      E-mail: lanpherm@sec.gov

Of Counsel:
ANTONIA CHION
New York Bar Attorney Registration No. 1873405
LISA WEINSTEIN DEITCH
California Bar No. 137492
HELAINE SCHWARTZ
New York Bar Attorney Registration No. 1917046

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2012, I served, via email, a copy of this filing on

counsel for the Respondent:

>   Michael D. Warden
>   Sidley Austin LLP
>   1501 K Street, NW
>   Washington, DC 20005
>   (202) 736-8000
>   mwarden@Sidley.com


Dated:  January 12, 2012


>   /s/ Mark Lanpher
>   Mark Lanpher