IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Petitioner, | ) ) | Miscellaneous Action No. 11-0512 GK/DAR |
| -v.- | ) ) | |
| DELOITTE TOUCHE TOHMATSU CPA LTD., | ) ) ) | |
| Respondent. | ) ) | |

**NOTICE OF FILING OF RESPONDENT
DELOITTE TOUCHE TOHMATSU CPA LTD.'S PROPOSED SCHEDULE**

Pursuant to this Court's January 13, 2012 Order and Minute Entry ("Order") and January 23, 2012 Minute Order ("Minute Order"), Respondent Deloitte Touche Tohmatsu CPA Ltd. ("DTTC"), by undersigned counsel, hereby submits its proposed schedule and respectfully requests this Court to enter the proposed schedule as set out below. DTTC and Petitioner Securities and Exchange Commission ("SEC") have conferred in good faith pursuant to the Court's Order and Minute Order but are unable to agree on a joint schedule.[1] DTTC's proposed schedule sets forth an efficient and logical manner to bring this case to resolution: (1) once the Court rules on DTTC's pending Motion to Clarify the Court's Order to Show Cause (Document No. 14), the Court resolves the threshold issue of the propriety of service based on a truncated briefing schedule; (2) once that important preliminary issue is resolved, the parties will conduct tailored paper discovery, including requests for admission to narrow any issues in dispute; (3)

---

[1] DTTC files this Motion and appears through counsel subject to its objections to service of the Order to Show Cause and related documents, to personal jurisdiction, to venue, and to subject matter jurisdiction. DTTC expressly reserves its right, at the appropriate time, to raise these objections through motion, responsive pleading, or otherwise.

DTTC then will file its opposition with any expert declarations on Chinese law, potentially using the information it obtained through discovery; (4) the SEC then will be able to respond to DTTC's briefing and expert declarations in a memorandum reply with its expert declarations; and (5) finally, DTTC and the SEC will have the opportunity to request an evidentiary hearing, if they deem one to be necessary.

The notice highlights two key differences between the schedules sought by DTTC and the SEC. First, the SEC's proposed schedule conflates the issues of service of the Order to Show Cause and the underlying merits, requiring the parties to brief and the Court to address them at the same time. Second, the SEC asks for limited paper discovery only *after* DTTC files its opposition—providing DTTC no opportunity to use such discovery, except possibly in an evidentiary hearing if one is held.

*First*, with respect to service of the Order to Show Cause, as the Court is aware, the SEC insists that service was properly effected via email on DTTC's U.S. counsel instead of through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). DTTC has sought clarification as to whether the Court intended to authorize this means of service, and once the Court clarifies this issue, DTTC believes that the propriety of that service must be resolved prior to turning to the merits. Accordingly, DTTC's schedule allows a short period of time for DTTC to file a motion to quash the Order to Show Cause as improperly served if the SEC does not serve it through the Hague Convention or the Court clarifies the Order to Show Cause by allowing the SEC to effect service via email. This will allow for more efficient use of resources by the Court, DTTC, and the SEC by resolving the requisite legal threshold issue of service prior to moving to the merits of the case. If, as the SEC suggests, the parties and the Court address the merits of this complicated

matter prior to a final resolution of the issue of service and service is later determined deficient, judicial resources and those of DTTC and the SEC will have been wasted.[2]

*Second*, DTTC agrees with the SEC that some "limited discovery will be appropriate" in this matter (Document No. 7, Service Memorandum at 14), and DTTC's schedule permits a brief period for written discovery such as requests for admission, requests for production of documents, and interrogatories.  At present, DTTC intends to focus its discovery narrowly on issues the SEC has injected into this case.  For example, the SEC argued in its Application for Order to Show Cause and for Order Requiring Compliance with a Subpoena (the "Application") that the Court must resolve whether Chinese "secrecy laws *may* prohibit [DTTC] from disclosing responsive documents to the Commission."  (Document No. 1, Application at 14.)  DTTC is entitled to know the SEC's position as to whether those China laws in fact prohibit such disclosure.  Likewise, the SEC argues that Section 106 of the Sarbanes Oxley Act (which allows for production to a foreign regulator) "is not an acceptable alternate means of production."  (*Id*. at 21.).  Whether there is an alternative means for the SEC to obtain production of the documents it seeks will be a key factor in the international comity analysis that this Court will be required to conduct, and DTTC is entitled to know the basis for the SEC's statement.

Consistent with this approach, DTTC sets out a brief period for limited discovery below in an attempt to seek only the amount of discovery necessary to a full adjudication of this case. DTTC proposes to limit discovery to requests for admission, requests for production of documents, and interrogatories.  Further, DTTC's schedule sets such discovery in a compressed

---

[2] Because the issue of service of the Show Cause Order is a wholly separate legal issue, and other defenses such as personal jurisdiction, are intertwined with the merits, DTTC's proposed schedule further sets forth that by filing a separate motion to quash the Order to Show Cause for lack of proper service, DTTC does not waive its ability to raise in its opposition on the merits its other defenses under Federal Rule Civil Procedure 12(b).  *See* Fed.R.Civ.P 12(h)(1) & 81(a)(5) ("These rules [the Federal Rules of Civil Procedure] apply to proceedings to compel . . . production of documents through a subpoena issued by a United States officer of agency under a federal statute, except as otherwise provided by . . . court order in the proceedings.").

3

timeframe before DTTC's opposition to the SEC's Application must be filed so that the discovery can then be used in both the opposition and the SEC's memorandum in reply. This will allow for narrow and targeted discovery without needlessly prolonging the case.

DTTC understands that the SEC will propose a schedule that does not allow DTTC to serve discovery until DTTC files its opposition on the merits. Such a schedule makes no sense. DTTC would not be able to use what it learned in discovery in its opposition and the SEC's schedule provides no opportunity for DTTC to file a brief after it obtains discovery, while allowing the SEC to use the discovery in its reply. Any discovery DTTC obtains after submitting its opposition would come too late to be of use in its opposition brief. DTTC should be entitled to *use* the discovery it obtains—only allowing DTTC to obtain discovery in advance of serving its opposition will accomplish that goal.

WHEREFORE, for the foregoing reasons, Respondent Deloitte Touche Tohmatsu CPA Ltd., respectfully requests that the Court enter DTTC's proposed schedule and set forth by order that pursuant to this Court's authority under Federal Rule of Civil Procedure 81(a)(5), by filing a separate motion to quash the Order to Show Cause for lack of proper service, DTTC does not waive its ability to raise defenses of lack of personal jurisdiction, improper venue, or any other applicable defense under Federal Rule Civil Procedure 12(b) at a later time.

DTTC proposes the following schedule:

**Matters Overseen by Magistrate Judge Deborah A. Robinson**

| Action | Deadline |
| --- | --- |
| DTTC files motion to quash Order to Show Cause as improperly served | 14 days following the Court's order on DTTC's motion to clarify the court's Order to Show Cause if Court clarifies that it intended to allow service by email on counsel |
| SEC files opposition | 14 days later |
| DTTC files reply | 7 days later |
| Requests for admission, requests for production of documents, and interrogatories | 7 days following the Court's order on the Motion to Quash if Order to Show Cause is not quashed |
| Responses and objections to requests for admission, requests for production of documents, and interrogatories | 14 days later |
| Expiration of time to file motions to compel (if any) | 14 days later |
| Oppositions to motions to compel (if any) | 7 days later |
| Replies in support of motions to compel (if any) | 5 days later |

**Matters Overseen by Judge Gladys Kessler**

| Action | Deadline |
| --- | --- |
| DTTC files opposition to SEC's Application for Order Requiring Compliance with Subpoena and Order to Show Cause, including any expert declarations | 21 days following the completion of matters overseen by Magistrate Judge Deborah A. Robinson, detailed in the table above |
| SEC files reply, including any expert declarations | 28 days later |
| Deadline for DTTC or SEC to request evidentiary hearing | 7 days later |

Dated: Washington, DC             Respectfully submitted,

     January 27, 2012                    /s/Michael D. Warden/

                                            SIDLEY AUSTIN LLP
                                            Michael D. Warden (419449)
                                            HL Rogers (974462)

<u>Of counsel:</u>                             Sidley Austin LLP
                                            1501 K Street, NW

SIDLEY AUSTIN LLP           Washington, DC 20005
Gary Bendinger                 (202) 736-8000
787 Seventh Avenue
New York, NY 10019
(212) 839-5387

David A. Gordon
One South Dearborn
Chicago, IL 60603
(312) 853-7159

                              *Counsel for Deloitte Touche Tohmatsu CPA Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, ) ) ) Petitioner, ) ) -v.- ) ) DELOITTE TOUCHE TOHMATSU ) CPA LTD., ) ) Respondent. ) _____ ) | Miscellaneous Action No. 11-0512 GK/DAR |

**ORDER ENTERING DTTC'S PROPOSED SCHEDULE**

Respondent Deloitte Touche Tohmatsu CPA, Ltd. ("DTTC"), having filed a Notice of Filing of DTTC's Proposed Schedule, and the Court having considered the Notice, and good cause having been shown, it is hereby,

ORDERED that the proposed schedule below is hereby entered.

**Matters Overseen by Magistrate Judge Deborah A. Robinson**

| Action | Deadline |
|---|---|
| DTTC files motion to quash Order to Show Cause as improperly served | 14 days following the Court's order on DTTC's motion to clarify the court's Order to Show Cause if Court clarifies that it intended to allow service by email on counsel |
| SEC files opposition | 14 days later |
| DTTC files reply | 7 days later |
| Requests for admission, requests for production of documents, and interrogatories | 7 days following the Court's order on the Motion to Quash if Order to Show Cause is not quashed |
| Responses and objections to requests for admission, requests for production of documents, and interrogatories | 14 days later |
| Expiration of time to file motions to compel | 14 days later |

2

| | |
|---|---|
| (if any) | |
| Oppositions to motions to compel (if any) | 7 days later |
| Replies in support of motions to compel (if any) | 5 days later |

**Matters Overseen by Judge Gladys Kessler**

| Action | Deadline |
|---|---|
| DTTC files opposition to SEC's Application for Order Requiring Compliance with Subpoena and Order to Show Cause, including any expert declarations | 21 days following the completion of matters overseen by Magistrate Judge Deborah A. Robinson, detailed in the table above |
| SEC files reply, including any expert declarations | 28 days later |
| Deadline for DTTC or SEC to request evidentiary hearing | 7 days later |

IT IS FURTHER ORDERED that pursuant to this Court's authority under Federal Rule of Civil Procedure 81(a)(5), by filing a separate motion to quash the Order to Show Cause for lack of proper service, DTTC does not waive its ability to raise defenses of lack of personal jurisdiction, improper venue, or any other applicable defense under Federal Rule Civil Procedure 12(b) at a later time.

_____

Judge Deborah A. Robinson
United States Magistrate Judge

Dated: _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Petitioner, | ) Miscellaneous Action ) No. 11-0512 GK/DAR |
| -v.- | ) ) |
| DELOITTE TOUCHE TOHMATSU CPA LTD., | ) ) ) |
| Respondent. | ) ) |

**CERTIFICATE OF SERVICE**

I certify that on January 27, 2011, I served, via email, Respondent's Notice of Filing of DTTC's Proposed Schedule on:

> Mark Lanpher
> Securities and Exchange Commission
> LanpherM@sec.gov

Dated: Washington, DC       Respectfully submitted,

January 27, 2012              _____/s/Michael D. Warden/_____

SIDLEY AUSTIN LLP
Michael D. Warden (419449)
HL Rogers (974462)
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

*Counsel for Deloitte Touche Tohmatsu CPA Ltd.*