# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Petitioner, | ) Miscellaneous Action ) No. 11-0512 GK/DAR |
| -v.- | ) ) |
| DELOITTE TOUCHE TOHMATSU CPA LTD., | ) ) ) |
| Respondent. | ) ) ) |

## NOTICE OF FILING OF SEC'S PROPOSED BRIEFING SCHEDULE

Pursuant to this Court's order and minute entry from January 13, 2012, Petitioner Securities and Exchange Commission ("SEC") hereby submits this proposed briefing schedule. The SEC and counsel for Deloitte Touche Tohmatsu CPA Ltd. ("DTTC" or the "Respondent") have conferred in good faith, but have been unable to agree upon the schedule pursuant to which this summary proceeding should proceed.

The SEC respectfully proposes the following briefing schedule:

| **Action** | **Deadline** |
|---|---|
| DTTC files opposition to SEC's Application for Order Requiring Compliance with Subpoena and Order to Show Cause, including any expert declarations, and including any identification of disputed factual claims and requests for discovery | March 2, 2012 |
| SEC files reply, including any expert reports, responsive facts, or response to discovery requests | March 30, 2012 |
| Deadline for DTTC or the SEC to request an evidentiary hearing | April 6, 2012 |

In submitting this proposed schedule, the SEC notes two principal differences with the schedule proposed by the Respondent:  (1)  The Respondent seeks a bifurcated briefing schedule whereby it would first challenge the service of the Order to Show Cause, and second – after that issue has been resolved – challenge the merits of the case; and (2) the Respondent seeks a period of formal discovery before it has responded to the Commission's Application and thus before it is established that any relevant facts are in dispute.  As discussed below, the Commission respectfully submits that neither of these procedures is necessary – at least not yet – in this summary proceeding.  Indeed, the Commission respectfully submits that, as reflected in the proposed schedule above, the first thing to be ordered should be a response on the merits from the Respondent.

**(1) There is no need for a bifurcated briefing schedule.**

First, the Commission respectfully submits that there is no need for a bifurcated briefing schedule here.  To the extent the Respondent seeks to challenge the service of the Order to Show Cause, it can of course do so as part of its responsive briefing in the SEC's proposed schedule.  But we expect the Respondent to propose instead a month-long schedule for briefing and a decision on whether the Order to Show Cause should be quashed for lack of proper service.  That proposal will inevitably slow down what is designed to be an efficient proceeding for the enforcement of a subpoena.

Scheduling an additional round of briefing on this score is particularly unnecessary because this Court has already considered issue of service once, and indeed there is a pending Motion filed by the Respondent on this very issue – the Motion of Respondent Deloitte Touche Tohmatsu CPA Ltd. to Clarify the Court's Order to Show Cause ("Motion to Clarify") [ECF DKT # 13].  If this Court denies the Respondent's Motion to Clarify, or grants the motion by

clarifying that this Court intended to authorize the SEC to serve the Order to Show Cause as stated in the Order, then the next step should be for this Court to direct the Respondent to respond to the merits of the SEC's Application.[1]

### (2) There is no need for formal discovery

Second, the SEC respectfully submits that there is no need to schedule a period of formal discovery at this point. Discovery is the exception, not the rule, in SEC subpoena enforcement proceedings. *See SEC v. Lavin*, 111 F.3d 921, 926 (D.C. Cir. 1997) ("Because subpoena enforcement proceedings are generally summary in nature and must be expedited, discovery is not usually permitted."); *SEC v. Dresser*, 628 F.2d 1368, 1388 (D.C. Cir. 1980) (noting that "district courts must be cautious in granting such discovery rights, lest they transform subpoena enforcement proceedings into exhaustive inquisitions into the practices of the regulatory agencies"). Here, until the Respondent responds to the Commission's Application, it is entirely unclear whether there is any need for discovery. That is because it is unclear whether, or to what extent, there are any factual disputes in this case.

As this Court has already found in issuing the Order to Show Cause, the Commission has met its *prima facie* case to show that the Subpoena issued to the Respondent should be enforced. It is thus appropriate to instruct the Respondent to respond to the Commission's Application. To the extent that the Respondent contests any facts submitted by the Commission in support of its Application, it can of course do so in its response to the Commission's Application. Similarly, to the extent the Respondent contends that the Court must consider additional facts beyond what the Commission alleged before deciding whether to grant the Application, it can identify such facts.

---

[1] If, on the other hand, this Court grants the Respondent's Motion to Clarify and indicates that it did *not* intend to authorize the SEC to serve the Order to Show Cause on the Respondent's Counsel, then the SEC would not oppose a bifurcated briefing schedule to first address the sufficiency of the SEC's service of the Order to Show Cause.

At that point, after the Commission has had a chance to respond, this Court can decide whether and to what extent discovery or other factual development is appropriate and/or what additional briefing is appropriate. *See SEC v. Lavin*, 111 F.3d at 926 (noting that, in subpoena enforcement proceedings, "when 'the circumstances indicate that further information is necessary for the courts to discharge their duty' discovery may be available" (quoting SEC v. *Dresser*, 628 F.2d at 1388)). Indeed, at that point, the SEC may well agree that some limited discovery is appropriate in this case.[2] But it is premature to schedule discovery before the Respondent has even answered the Commission's Application and before the Respondent has shown that additional factual development is necessary for this Court to discharge its duties.[3]

Dated:  January 27, 2012

                                            Respectfully submitted,

                                            /s/ Mark Lanpher
                                            Mark Lanpher
                                            Attorney for Plaintiff
                                            SECURITIES AND EXCHANGE COMMISSION
                                            100 F Street, NE
                                            Washington, DC 20549
                                            (202) 551-4879 (Lanpher)
                                            Fax: (202) 772-9228
                                            E-mail: lanpherm@sec.gov

Of Counsel:
ANTONIA CHION
New York Bar Attorney Registration No. 1873405
LISA WEINSTEIN DEITCH
California Bar No. 137492
HELAINE SCHWARTZ
New York Bar Attorney Registration No. 1917046

---

[2] Depending on how the Respondent responds to the Commission's Application, the Commission may itself seek discovery from the Respondent, which again highlights the fact that it is premature to schedule a period of discovery before the Respondent has opposed the Commission's Application.

[3] In addition, the SEC notes that it has conferred with counsel for the Respondent (and will continue to do so) in an effort to identify and provide information the Respondent believes it needs prior to responding to the SEC's Application, which may obviate the need for formal discovery in this case.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Petitioner, )<br>)<br>-v.- )<br>)<br>DELOITTE TOUCHE TOHMATSU CPA LTD., )<br>)<br>Respondent. )<br>_____ ) | Miscellaneous Action<br>No. 11-0512 GK/DAR |

**ORDER ENTERING SEC'S PROPOSED BRIEFING SCHEDULE**

Petitioner Securities and Exchange Commission ("SEC"), having filed a Notice of Filing SEC's Proposed Briefing Schedule, and the Court having considered the Notice, and good cause having been shown, it is hereby,

ORDERED that the proposed schedule below is hereby entered.

| Action | Deadline |
|---|---|
| DTTC files opposition to SEC's Application for Order Requiring Compliance with Subpoena and Order to Show Cause, including any expert declarations, and including any identification of disputed factual claims and requests for discovery | March 2, 2012 |
| SEC files reply, including any expert reports, responsive facts, or response to discovery requests | March 30, 2012 |
| Deadline for DTTC or the SEC to request an evidentiary hearing | April 6, 2012 |

DATE:

                                              Judge Deborah A. Robinson
                                              United States Magistrate Judge

-6-

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 27, 2012, I served, via email, a copy of this filing on counsel for the Respondent:

>Michael D. Warden
>Sidley Austin LLP
>1501 K Street, NW
>Washington, DC 20005
>(202) 736-8000
>mwarden@Sidley.com

Dated: January 27, 2012

                                     /s/ Mark Lanpher
                                     Mark Lanpher