# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Petitioner,<br><br>      v.<br><br>DELOITTE TOUCHE TOHMATSU CPA LTD.,<br><br>      Respondent. | Miscellaneous Action No. 11-0512<br>GK/DAR |

## SCHEDULING ORDER

This action was referred to the undersigned United States Magistrate Judge for full case management. Amended Order (Document No. 5). By a memorandum opinion and order filed on January 4, 2012, the undersigned granted Petitioner's Application for Order to Show Cause (Document No. 1, Part 1), and scheduled a show cause hearing for February 1, 2012. Memorandum Opinion and Order (Document No. 10); Order to Show Cause (Document No. 11). Thereafter, the undersigned, with the consent of the parties, vacated the show cause order and directed the parties to negotiate a schedule for further proceedings. Order (Document No. 15). The parties filed proposed schedules in accordance with the undersigned's order. *See* Notice of Filing of Respondent Deloitte Touche Tohmatsu CPA Ltd.'s Proposed Schedule (Document No. 18); Notice of Filing of SEC's Proposed Briefing Schedule (Document No. 19).

Upon consideration of the proposed schedules and the entire record herein, it is hereby

**ORDERED** that

    (1) Respondent shall file its opposition to Petitioner's Application for Order Requiring

Securities and Exchange Commission v. Deloitte Touche Tohmatsu                                                                 2

Compliance with a Subpoena (Document No. 1, Part 2) by no later than April 11, 2012.

(2) Petitioner shall file its reply by no later than May 2, 2012.

(3) A hearing with respect to the pending application is scheduled for 10:00 a.m. on Friday, May 4, 2012.

It is **FURTHER ORDERED**, for the reasons offered by Petitioner, that Respondent's request for leave to conduct discovery before it files its opposition is denied. *See also SEC v. Lavin*, 111 F.3d 921, 926 (D.C. Cir. 1997) ("Because subpoena enforcement proceedings are generally summary in nature and must be expedited, discovery is not usually permitted.") (citations omitted); *SEC v. McGoff*, 647 F.2d 185, 193 (D.C. Cir. 1981) ("general rule [excludes] discovery in summary subpoena enforcement proceedings absent 'extraordinary circumstances'") (citation omitted); *SEC v. Dresser*, 628 F.2d 1368, 1388 (D.C. Cir. 1980) (in summary enforcement proceedings, "[d]iscovery should be permitted only where the respondent is able to distinguish [itself] from 'the class of the ordinary (respondent),' by citing special circumstances that raise doubts about the agency's good faith.") (citation omitted).

                                                      /s/
                         DEBORAH A. ROBINSON
                         United States Magistrate Judge