```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF COLUMBIA

U.S. SECURITIES AND EXCHANGE.     Case No. 1:11-MC-00512
                             .    (GK/DAR)
COMMISSION,                  .
                             .    Washington, D.C.
            Plaintiff,       .    August 7, 2012
                             .
    v.                       .
                             .
DELOITTE TOUCH TOHMATSU,     .
                             .
CPA, LTD.,                   .
                             .
            Defendant.       .
. . . . . . . . . . . . . . . .

                       STATUS CONFERENCE
            BEFORE THE HONORABLE DEBORAH A. ROBINSON
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:     U.S. Securities and Exchange
                        Commission
                        By:  MARK LANPHER, ESQ.
                        100 F Street, N.E.
                        Washington, DC 20549

For the Defendant:      Sidley Austin, LLP
                        By:  MICHAEL D. WARDEN, ESQ.
                        1501 K Street, N.W.
                        Washington, DC 20005
```

_____

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335 - (860) 464-1083

1       (Proceedings commenced at 4:09 p.m.)
2             THE CLERK:  Miscellaneous Case 2011-512.
3             This is in the matter of <u>U.S. Security and
4    Exchange Commission v. Deloitte, Touch, Tohmatsu, CPA,
5    LTD.</u>.
6             Present in the courtroom for the Plaintiff is
7    Mark Lanpher, and for Deloitte, Touch, Tohmatsu, CPA is
8    Michael Dana Warden and -- Is it Hi Rogers -- H.I.
9    Roger.
10            This is here for a status conference.
11            THE COURT:  Now, good afternoon to all of
12   you.
13            COUNSEL:  Good afternoon.
14            THE COURT:  The Court reviewed the unopposed
15   motion for a stay of the action, the motion which was
16   filed on July 18th, which bears Document Number 29.
17            The Court, of course, commends you for your
18   willingness to undertake efforts to resolve this matter
19   without the need for the further intervention of the
20   Court.
21            The Court is prepared to grant the motion for
22   a stay of six months, consistent with your request.
23   However, the Court's question concerns the two motions
24   that are pending, the motion which bears Document
25   Number 1, filed by the SEC, for an order to show cause;

1  and the motion which bears Document Number 24, filed by
2  Deloitte, Touch, Tohmatsu, to quash the order to show
3  cause.
4        It was the Court's expectation that the
5  parties would either -- that each party would withdraw
6  the motion that it filed, or that the parties would
7  agree that the Court could deny the motions without
8  prejudice.  However, when my law clerk spoke to you by
9  telephone, and when I say "You", I mean counsel for
10 both parties, it is my understanding that the parties
11 could not agree upon either of those two mechanisms,
12 and that is the reason that the Court scheduled a
13 status hearing.
14       Have you reached an agreement in the meantime?
15       Mr. Lanpher, I'll have you address that
16 first, and when I say, "An agreement", I mean with
17 respect to the motion for an order to show cause and
18 the motion to quash the order to show cause.
19       MR. LANPHER:  Your Honor, --
20       THE COURT:  I can hear you, Mr. Lanpher, but
21 in order to ensure that you are recorded, you must come
22 to the podium and use the microphone.
23       MR. LANPHER:  Certainly, Your Honor.
24       Your Honor, we had spoken with counsel for
25 the Respondent.  It's the SEC's position that the

1   pending motions should remain pending during the
2   pendency of a stay.
3           My understanding is that the Respondent would
4   be fine with that approach, but would also be fine with
5   the approach of denying the motions without prejudice.
6           THE COURT:  And is there some reason that you
7   cannot agree on behalf of your client, to the entry of
8   an order denying the motions without prejudice?
9           MR. LANPHER:  There is, Your Honor.
10          THE COURT:  What is that?
11          MR. LANPHER:  The reason is that the SEC's
12  motion in this case, the motion that bears Docket
13  Number 1, which is a motion for an order requiring
14  compliance with a subpoena is, in effect, the complaint
15  in this case.  This is not a typical complaint-
16  initiated case.  Rather, it's a summary proceeding that
17  was initiated by the SEC's motion.  Thus, if this Court
18  were to deny that motion, Motion Number 1, it would, in
19  effect, be dismissing the entire case, and we don't
20  think that that is appropriate here.  Rather, we think
21  this case should simply be delayed and it should remain
22  pending during that stay.
23          THE COURT: Very well.  Thank you, Mr.
24  Lanpher.
25          THE COURT:  Mr. Warden?

1       MR. WARDEN: Thank you, Your Honor.

2       On behalf of Respondent Deloitte, Touch, Tohmatsu, Ltd., we would not object to denial of both motions without prejudice.

5       We do, however, support this six-month stay. It's important that the SEC and the CSRC have an opportunity to negotiate the resolution, the "CSRC" being the China Securities Regulatory Commission.

9       So we don't oppose denial without prejudice of both motions, but obviously, the SEC does oppose denying the motions without prejudice.

12      THE COURT: Very well. Thank you.

13      Mr. Lanpher, if you are assured by the Clerk of the Court that the import of denying -- or the import of an order denying the motion without prejudice is not tantamount to dismissal of the case, will that resolve your concerns?

18      The Court does not believe -- I don't believe this is any mystery to any of you, that the -- it is the Court's understanding that, and I believe this is consistent with your understanding, that during the pendency of a stay of six months, the motions will remain pending, --

24      MR. LANPHER: Yes, Your Honor.

25      THE COURT: -- unless the Court proceeds in

1   one of the two alternative methods.
2           MR. LANPHER:  Your Honor, my understanding is
3   that the motion would remain pending during the stay,
4   and again, I'm concerned that there is not such a
5   simple mechanism as you suggest, of the Clerk assuring
6   us that this would not affect a dismissal.
7           THE COURT:  What I mean is that the matter
8   will not be dismissed.
9           MR. LANPHER:  But again, Your Honor, the
10  matter is, and perhaps there is a way to clarify this,
11  but certainly our understanding is that denying the
12  SEC's underlying motion would be tantamount to
13  dismissing the action because that is the only -- that
14  is the application that is pending before this Court,
15  that is the application that has initiated the entire
16  proceedings, and so for it to be denied, we would then
17  be back at square one.  We would have to file a new
18  application, re-serve it on the Respondent, re-apply
19  for an order to show cause --
20          THE COURT:  May I assume that the Respondent
21  would not object to any request to simply renew the
22  motion, should it develop that the parties'
23  negotiations are unsuccessful?
24          MR. WARDEN:  We would not object to that,
25  Your Honor, and --

1              THE COURT:  Very well.
2              Is there some reason that if we take a brief
3    recess, the three of you cannot work out the language
4    of what we're doing here?  It should be no mystery that
5    for case management purposes, the Court does not favor
6    having motions pending for nearly a year, if the
7    parties -- since the parties have requested a six-month
8    stay and have indicated that they are amenable to
9    participating in ongoing negotiations.
10             I have already assured you that the case will
11   not be dismissed.  If it is the case that the
12   Respondent does not object or will not object to any
13   request to renew the motion, should the negotiations
14   prove unsuccessful, I see no reason why you cannot work
15   out language which will accomplish that, and that will
16   permit the Court, with your consent, to deny the
17   motions without prejudice.
18             So, we'll take a brief recess so you can put
19   pen to paper and determine how to accomplish this.
20             Very well.  Thank you.
21             THE CLERK:  You may remain seated.
22        (Recess at 4:18 p.m., until 4:33 p.m.)
23                      AFTER RECESS
24             THE CLERK:  Your Honor, we're back on the
25   record.

1        THE COURT:  Very well.  Thank you.
2        Now, were the parties able to reach an
3   agreement regarding the language of an order denying
4   the motions without prejudice, Mr. Lanpher?
5        MR. LANPHER:  Your Honor, we discussed
6   language.  We believe we will be able to reach an
7   agreement.
8        We would like, with the Court's permission,
9   until Thursday morning to provide language, just to
10  give us time to discuss it with our clients and ensure
11  that we have appropriate language, but we believe we
12  should be able to reach agreement on language.
13       THE COURT:  Very well.  I appreciate that,
14  and will the parties submit a proposed order?
15       MR. LANPHER:  Yes, we will.
16       THE COURT:  Is that what you contemplate?
17       MR. LANPHER:  That's exactly what we
18  contemplate.
19       We currently actually have a status
20  conference still on the docket for Thursday afternoon.
21  What we would propose to do is in lieu of that
22  conference, is file, or provide the Court with a
23  proposed order by noon on Thursday, which I believe --
24  I'm hopeful that we should be able to reach agreement.
25  Obviously, we don't know, but hopefully we will be able

```
 1   to reach an agreement.
 2            THE COURT:  Very well.  Thank you, Mr.
 3   Lanpher.
 4            Mr. Warden?
 5            MR. WARDEN:  Well, I concur with what Mr.
 6   Lanpher said.  I believe that we will be able to reach
 7   an agreement, and it's just a matter of language and
 8   some client approvals that we both need.
 9            THE COURT:  Very well.  Well, I thank you
10   very much.
11            Can the Court enter an order today, granting
12   the unopposed motion for stay and directing the parties
13   to file a status report by Thursday, regarding the two
14   pending motions?
15            MR. WARDEN:  Yes, Your Honor.
16            THE COURT:  Very well.
17            MR. LANPHER:  Yes, Your Honor.
18            THE COURT:  Thank you very much.
19            With that, you may all be excused.
20            Thank you.
21            MR. WARDEN:  Thank you.
22            MR. LANPHER:  To clarify --
23            It's our --
24            THE COURT:  Just one moment.  I'm not certain
25   we're still on the record.
```

```
 1              THE CLERK:  We are still on the record.
 2              THE COURT:  Very well,
 3         Mr. Lanpher?
 4              MR. LANPHER:  Just one point of
 5    clarification.
 6              THE COURT:  Yes.
 7              MR. LANPHER:  I believe on the docket we
 8    still have a status conference on for Thursday
 9    afternoon at 4:00 o'clock --
10              THE COURT:  We will ensure that that is taken
11    off.
12              MR. LANPHER:  Thank you.
13              THE COURT:  Very well.  Thank you for
14    bringing that to our attention.
15              Very well.  You may all be excused.
16              Thank you.
17        (Proceedings concluded at 2:36 p.m.)
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/_____          August 12, 2012

STEPHEN C. BOWLES