**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

RECEIVED
DEC 07 2012
OFFICE OF THE SECRETARY

ADMINISTRATIVE PROCEEDING
File No. 3-14872

_____

In the Matter of

DELOITTE TOUCHE TOHMATSU
CERTIFIED PUBLIC ACCOUNTANTS LTD.


_____


## DIVISION OF ENFORCEMENT'S STATUS REPORT, NOTICE OF MOTION TO CONSOLIDATE, AND REQUEST FOR MOTION BY CALJ FOR AN EXTENSION OF INITIAL DECISION DEADLINE IN THIS MATTER

The Division of Enforcement ("Division"), by and through the undersigned counsel,

submits this status report in accordance with the Court's Order of July 19, 2012, which provided

a six-month postponement of this proceeding and instructed the Division to file a status report by

January 18, 2013. As explained below, although the SEC attempted to negotiate with China's

principal securities regulator, the China Securities Regulatory Commission ("CSRC"), to

establish a viable alternative means by which the SEC can obtain audit workpapers and other

documents from audit firms based in China (including DTTC), these efforts have concluded

unsuccessfully. Thus, there is no longer any reason to postpone resolution of this proceeding.

In addition, the Division hereby provides notice that, in a new administrative proceeding,

*In the Matter of BDO China Dahua CPA Co., Ltd.*; *Ernst & Young Hua Ming LLP, KPMG*

*Huazhen (Special General Partnership)*; *Deloitte Touche Tohmatsu Certified Public Accountants*

*Ltd.*, and *PricewaterhouseCoopers Zhong Tian CPAs Limited*, File No. 3-15116, instituted on

December 3, 2012 (hereinafter referred to as "Omnibus Proceeding"), presenting legal issues that

are the same or similar to those here, the Division has filed a motion to consolidate the Omnibus

Proceeding with this proceeding.  Consolidation, if granted, would allow the Commission's

charges against multiple foreign public accounting firms under Rule 102(e)(1)(iii) of the

Commission's Rules of Practice, based on similar conduct, to be resolved in a unified way.

Also, in light of the Motion to Consolidate and the current status of this proceeding, the Division

respectfully requests that the Chief Administrative Law Judge ("CALJ") request an extension of

the deadline for the initial decision in this proceeding (as it applies to charges related to DTTC's

Client A) to conform to the deadline for the initial decision in the Omnibus Proceeding.

## 1.  The SEC's Attempt To Negotiate With the CSRC Were Unsuccessful

On July 18, 2012, the Division filed an Unopposed Motion For a Stay of the Proceedings

("Stay Motion") in this matter, stating that although the SEC had been unsuccessful in its efforts

to obtain DTTC's audit work papers through international sharing mechanisms prior to the filing

of the OIP, in light of then-recent developments – namely a meeting between the Chairman of

the SEC and Chinese government officials in July 2012, and continuing negotiations – it might

still be possible to obtain the work papers in this manner.  The Division stated:

> If these renewed negotiations can develop a viable alternative means by
> which the SEC can obtain the audit workpapers for Client A, it would
> have a significant impact on the appropriate resolution of this case.
> Indeed, if Commission staff is able to obtain a complete set of DTTC's
> audit workpapers for Client A under satisfactory terms from the CSRC
> through these renewed negotiations, the Division would likely seek to
> dismiss the instant OIP.

Stay Motion at 3.  Accordingly, the Division sought a six-month stay (and a commensurate

extension of the deadline for the initial proceeding) to permit the negotiations to continue.  *Id.* at

4.

In its July 19, 2012 Order, the Court declined to grant the requested stay for lack of authority under the Rules of Practice, but ordered a six-month postponement of this proceeding under Rule 161(c)(1).  The Court ordered the Division to file a status report on any progress in the matter by January 18, 2013, and set a hearing date of February 4, 2013, in the event the matter is not resolved by then.  *See id.*  The Court noted that, if necessary, the CALJ will request an extension of the time period for filing the Initial Decision.

Unfortunately, the SEC's negotiations with the CSRC have come to an unsuccessful end.  Despite substantial efforts by Chairman Shapiro and the staff of the SEC's Office of International Affairs ("OIA"), the SEC has not been able to reach an agreement with the CSRC on a mechanism by which the SEC can obtain audit workpapers and other documents from audit firms based in China (including DTTC) in connection with its enforcement investigations.  More to the point, the SEC has not received any of DTTC's audit workpapers for Client A, either from the CSRC or otherwise, nor does the SEC have reason to believe that it will receive such workpapers in the near future under terms that will allow their reasonable use (*i.e.*, such as in civil enforcement actions).  SEC staff have concluded that the CSRC is not a viable gateway for the production of audit workpapers from China, and, accordingly, there is no realistic possibility that international sharing mechanisms will affect the resolution of this case.

Because the SEC's negotiations with the CSRC have concluded, there is no longer any reason why this proceeding should be postponed.  As noted, the Division has moved to consolidate the related Omnibus Proceeding with this proceeding.  The Division respectfully requests that, after resolution of the Motion to Consolidate and assuming this Court has before it all related proceedings, or just the one proceeding (related to DTTC's Client A), the Court hold a status hearing to set a new schedule for the case.

### 2. The Division's Motion to Consolidate The Omnibus Proceeding With This Proceeding

In the Omnibus Proceeding, the SEC has charged five accounting firms, all registered with the Public Company Accounting Oversight Board ("PCAOB"), with the same statutory violation that the SEC has charged Respondent in this proceeding: the SEC alleges that the firms willfully refused to provide the SEC with audit workpapers and related documents in response to SEC requests, in violation of the firms' obligations under Section 106 of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), as amended by Section 929J of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Section 106"), and the Securities Exchange Act of 1934 ("Exchange Act"). *See* Omnibus Proceeding OIP ¶¶7-31 (attached as Exhibit 1 hereto). The charges against the five respondents in the Omnibus Proceeding are based on their various willful refusals to produce documents in response to nine different requests under Section 106, each relating to an SEC investigation of a U.S. issuer client with operations in the People's Republic of China ("PRC"). Omnibus Proceeding OIP ¶¶ 6-16 (describing the SEC's requests for documents relating to issuer clients A through I).

One of the five respondents in the Omnibus Proceeding is DTTC, the respondent here, although the charges against DTTC in the Omnibus Proceeding relate to a different SEC investigation. As in this proceeding, the Commission in the Omnibus Proceeding seeks a determination under Rule 102(e)(1)(iii) of its Rules of Practice as to whether Respondents should be censured or denied the privilege of appearance and practice before the Commission because of their conduct. *Id.* ¶32.

Because the two proceedings present the same or similar legal issues and similar fact patterns, the Division has moved to consolidate the Omnibus Proceeding with this one under Rule 201 of the Commission's Rules of Practice. *See* Division Motion to Consolidate (attached

as Exhibit 2 hereto). As the Division explains in the Motion, the legal questions commonly raised by these two OIPs are best answered by one Court in one administrative proceeding. Consolidation will avoid duplicative litigation and potentially conflicting Court decisions, facilitate consistent treatment of the respondent foreign public accounting firms based on similar conduct, and provide one record for potential appeal to the Commission to the extent a party deems it appropriate to pursue such an appeal. *See* Motion to Consolidate at 3-6.

### 3. To Conform the Schedules of the Proceedings, the Division Respectfully Asks the CALJ To Request An Extension of This Proceeding's Initial Decision Deadline

The Division respectfully requests that the CALJ request an extension of time for the initial decision in this proceeding under Rule 360(a)(3), particularly in light of the Division's Motion to Consolidate.[1] Although the current deadline for the Initial Decision in this proceeding is March 11, 2013, this proceeding is still at an early stage in light of the postponement, with briefing on respondent's Motion to Dismiss not yet complete.

In the event of consolidation, an extension is appropriate because it will allow the Omnibus Proceeding and this proceeding to be resolved on the same schedule, thereby maximizing efficiency. The deadline for the Initial Decision in the Omnibus Proceeding is on or about October 1, 2013.[2] Accordingly, the deadline for this proceeding should be extended until that same date. The reasons meriting consolidation similarly support an extension. Absent an extension, the Court likely would have to duplicate its own efforts and those of the parties by conducting the proceedings on two different tracks; while the parties to the Omnibus Proceeding would litigate under a regular 300-day schedule, the parties to this proceeding likely would have

---

[1] The undersigned counsel conferred with counsel for DTTC in advance of the filing of this Status Report, and counsel for DTTC agreed that an extension of time for the initial decision should be sought under Rule 360(a)(3).

[2] Upon information and belief, the first respondent to be served in Omnibus Proceeding reportedly received the OIP on December 5, 2012.

to conduct dispositive briefing and/or a hearing on an expedited basis. These disjointed schedules would serve little purpose, given the common issues at stake in the proceedings. Moreover, although the Division believes that DTTC's legal liability here under Section 106 is straightforward, Respondents may assert various defenses that require briefing and/or, possibly, submissions of expert declarations by the parties. It would be duplicative and wasteful for the parties repetitively to brief or otherwise litigate the same or similar issues.

Even if the two proceedings are not consolidated, an extension of the initial deadline in this proceeding still would be appropriate. The current schedule provides for a hearing on February 4, 2013.[3] The Division respectfully submits that, if Respondent's motion to dismiss is denied, then the parties should commence a dispositive briefing schedule pursuant to Rule 250 of the Rules of Practice. If necessary upon completion of such briefing, the Court can set a hearing on any unresolved factual issues.[4] An extension of the initial decision deadline would allow the proceeding to be managed in this manner, which the Division believes would be more efficient, and ultimately more helpful to the Hearing Officer, than conducting a hearing on an expedited basis in early February.

Date: December 7, 2012                    Respectfully submitted,

David Mendel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-5971
(202) 551-4418
mendeld@sec.gov
COUNSEL FOR DIVISION OF ENFORCEMENT

---

[3] Also in its July 19, 2012 Order, the Court extended the deadline for respondent's reply brief in support of its pending Motion to Dismiss to January 24, 2013, and scheduled the pre-hearing conference for January 28, 2013. The Division believes these dates similarly should be re-visited.

[4] It also may be possible for the parties to resolve any remaining factual issues through stipulations.

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, December 7, 2012, I will serve true copies of the

foregoing Division of Enforcement's Status Report, Notice of Motion to Consolidate, and

Request for Motion by CALJ for an Extension of Initial Decision Deadline in this Matter, by e-

mail, on the following:

The Honorable Cameron Elliott
Administrative Law Judge
Securities and Exchange Commission
100 F Street, N.E.
Washington D.C. 20549-2557
ALJ@sec.gov

Michael D. Warden
Elizabeth L. Howe
HL Rodgers
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
202-736-8080
mwarden@sidley.com
ehowe@sidley.com
hrogers@sidley.com

Gary F. Bendinger
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
212-839-5300
gbendinger@sidley.com

David A. Gordon
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
312-853-7000
dgordon@sidley.com

Dated:   December 7, 2012

David S. Mendel