# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

**U.S. Securities and Exchange Commission,**      )
                                                  )
            Petitioner,                          )
                                                  )
            -v.-                                 )     11 Misc. 512 GK/DAR
                                                  )
**Deloitte Touche Tohmatsu CPA Ltd.,**             )
                                                  )
            Respondent.                          )
_____)


## SECURITIES AND EXCHANGE COMMISSION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO LIFT THE STAY

David Mendel (D.C. Bar #470796)
Assistant Chief Litigation Counsel
U.S. Securities and Exchange
Commission – Enforcement Division
100 F Street, NE
Washington, DC 20549
(202) 551-4418 (Mendel)
(202) 772-9362 (fax)
mendeld@sec.gov

Of Counsel:
ANTONIA CHION
New York Bar Attorney Registration No. 1873405
LISA WEINSTEIN DEITCH
California Bar No. 137492
HELAINE SCHWARTZ
New York Bar Attorney Registration No. 1917046

The U.S. Securities and Exchange Commission ("SEC" or "Commission") hereby submits this reply memorandum in further support of its Motion to Lift the Stay of this proceeding (ECF Doc. No. 36). As set forth below, in its motion, and in the SEC's Memorandum of Points and Authorities Opposing the Motion of Deloitte Touche Tohmatsu CPA Ltd. (now known as Deloitte Touche Tohmatsu CPA LLP) ("DTTC") to Extend the Stay, which the SEC is filing contemporaneously with this Reply, whatever stay currently exists in this matter should be terminated, and no stay should be extended or newly imposed.

## BACKGROUND

On July 18, 2012, the SEC filed an unopposed motion for a six-month stay of this subpoena-enforcement action, to permit the SEC to continue the discussions it was then having with the CSRC regarding cross-border enforcement cooperation. *See* ECF Doc. Nos. 27, 29. This Court entered the requested stay of proceedings in a minute order on August 7, 2012. In addition, on August 9, 2012, the Court entered another order reiterating that the case was "stay[ed] . . . for a period of six months." ECF Doc. Nos. 32, 33. The August 9, 2012, order also stated, in relevant part, that pending motions that were being dismissed "without prejudice" "may be re-filed at any time, including prior to January 18, 2013, if accompanied by a motion to terminate the stay."

Under the Court's orders of August 7 and 9, 2012, the stay requested by the SEC and entered by the Court was due to expire as early as January 18, 2013 (six months following the SEC's filing of its motion for a stay), and in no event later than February 7, 2013 (six months following the Court's August 7, 2012 minute order).

On December 3, 2012, the SEC filed, among other papers, the present motion – its Motion to Lift the Stay. The SEC's Motion to Lift the stay was prompted by the unsuccessful

2

conclusion of negotiations between it and the CSRC.  To the extent the Commission has investigations that involve issuers (such as Longtop) with Chinese audit firms (such as DTTC), the Commission is left with little choice but to seek production of audit workpapers directly from those firms, including through efforts such as this subpoena-enforcement action. Accordingly, no justification remains for a stay of this case.

On January 7, 2013, in accordance with a stipulated briefing schedule, DTTC filed an Opposition to Motion to Lift the Stay (ECF Doc. No. 42).  DTTC contemporaneously also filed a Motion to Extend the Stay (ECF Doc. No. 43), stating that the grounds for its motion were set forth in its Opposition to Motion to Lift the Stay.

## **ARGUMENT**

The Court should reject DTTC's request to extend the current stay or to impose a new stay of the proceedings.  The Court should rule on the merits of the SEC's Application for an order requiring compliance with the Subpoena.

To the extent the original stay expired on January 18, 2013, it appears that the SEC's Motion to Lift the Stay is now moot.  If, however, the stay is still in effect, it should now be terminated, as there is no longer any justification for it.  In urging the Court to extend the stay, DTTC asserts reasons that are wholly unrelated to why the stay was originally granted, or to helping the SEC to obtain the documents it needs for the Longtop investigation.  DTTC contends that an additional stay is justified by an ongoing SEC administrative proceeding against DTTC and four other China-based public accounting firms in which the Commission alleges violations of the Sarbanes-Oxley Act (the "Administrative Proceeding"); these violations arise from the firms' failures to produce documents related to *other* investigations, not including Longtop.  DTTC asks this Court to disregard the SEC's interest in enforcing the

Subpoena and to postpone issuance of a final ruling in this case until final resolution of the Administrative Proceeding, including appeals within the agency and to the federal courts.

The Court should deny DTTC's request to extend the stay, for the reasons stated in the SEC's Memorandum of Points and Authorities Opposing Motion to Extend the Stay ("SEC Opposition to Extension of Stay"). Briefly stated, these reasons include:

- DTTC fails to identify a "pressing need" for its request that this action be stayed indefinitely. The request, by its terms, is immoderate and oppressive. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731-32 (D.C. Cir. 2012); *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416-17 (Fed. Cir. 1997).

- Although there is a "fair possibility" that DTTC's proposed stay would harm the SEC and investors, DTTC cannot establish "a clear case of hardship or inequity in being required to go forward" with this subpoena-enforcement action. *Landis*, 299 U.S. at 255. There is no valid reason to subordinate the SEC's interest in having this action promptly resolved. Although DTTC complains that it would be the only respondent from the Administrative Proceeding to face dual-track litigation, this circumstance is not unfair, and it does not rise to the level of substantial prejudice that courts have required to impose a stay pending resolution of parallel proceedings. *See, e.g.*, *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980) (*en banc*); *Gordon v. FDIC*, 427 F.2d 578 (D.C. Cir. 1970); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

- DTTC cannot justify the stay through assertions that it will advance "judicial economy." The Administrative Proceeding involves different legal claims that arise from different SEC investigations and present different legal standards. The Longtop investigation is not at issue in the Administrative Proceeding, nor can the Administrative Proceeding compel the production of any documents. The purpose of that proceeding is not to "enforce" any document request, but to determine whether the respondent audit firms should be barred from practicing before the Commission.  For these and other reasons, any overlap of issues that occurs in the two proceedings will be limited, and may well be of little or no consequence.  It is unduly speculative to assume that waiting for resolution of the Administrative Proceeding would obtain significant, if any, judicial efficiencies.

Furthermore, the SEC's filing of its Reply in Memorandum in Support of Its Application For Order Requiring Compliance With Subpoena, on December 3, 2012 (ECF Doc. No. 38), was proper.  There is no good reason now to allow DTTC to file a new opposition to the Application, or otherwise to require the parties to re-litigate the case.

For full presentation of these and other arguments and points by the SEC in response to DTTC's filings of January 7, 2013, the SEC respectfully refers the Court to the SEC Opposition to Extension of Stay, filed contemporaneously with this Reply.

**CONCLUSION**

For the foregoing reasons and for the reasons stated in the SEC Opposition to Extension of Stay, the Commission respectfully requests that the Court (1) lift any previously entered stay of the proceedings; (2) deny DTTC's request to extend such stay or impose a new stay; and (3) schedule a hearing on the SEC's Motion for an Order Requiring Compliance with the Subpoena.

Dated: Washington, D.C.
   January 24, 2013

Respectfully submitted,

*/s/ David Mendel*
David Mendel (D.C. Bar #470796)
Assistant Chief Litigation Counsel
U.S. Securities and Exchange
Commission – Enforcement Division
100 F Street, NE
Washington, DC 20549
 (202) 551-4418 (Mendel)
(202) 772-9362 (fax)
mendeld@sec.gov

Of Counsel:
ANTONIA CHION
New York Bar Attorney Registration No. 1873405
LISA WEINSTEIN DEITCH
California Bar No. 137492
HELAINE SCHWARTZ
New York Bar Attorney Registration No. 1917046

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2013, I served, via email, a copy of the foregoing Securities and Exchange Commission's Reply Memorandum In Support of its Motion To Lift the Stay, on counsel for the Respondent:

> Michael D. Warden
> Sidley Austin LLP
> 1501 K Street, NW
> Washington, DC 20005
> (202) 736-8000
> mwarden@Sidley.com
>
> Gary F. Bendinger, *pro hac vice*
> Sidley Austin LLP
> 787 Seventh Avenue
> New York, NY 10019
> (212) 839-5300
> gbendinger@sidley.com
>
> Miles N. Ruthberg
> Jamie L. Wine
> 885 Third Avenue
> New York, NY 10022-4834
> (212) 906-1200
> miles.ruthberg@lw.com
> jamie.wine@lw.com

Dated:  January 24, 2013

                                                 */s/ David Mendel*
                                                 David Mendel