UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Petitioner,<br><br>    v.<br><br>DELOITTE TOUCHE TOHMATSU CPA LTD.,<br><br>    Respondent. | Miscellaneous No. 11-512<br>GK/DAR |

**MEMORANDUM OPINION AND ORDER**

Petitioner United States Securities and Exchange Commission ("SEC") initiated this miscellaneous action by moving for an order to show cause why Respondent, an accounting firm based in the People's Republic of China, should not be ordered to comply with an administrative subpoena that Petitioner served on Respondent in connection with an SEC investigation, *In the Matter of Longtop Financial Technologies Limited* ("Longtop investigation").[1] *See* Application for Order to Show Cause and for Order Requiring Compliance with Subpoena (Document No. 1). The court granted Petitioner's application for an order to show cause, Memorandum Opinion and Order (Document No. 10), and issued an Order to Show Cause (Document No. 11).[2] At the request of Respondent, the court set a briefing schedule in order to permit the parties to address,

---

[1] Respondent recently changed its name to Deloitte Touche Tohmatsu Certified Public Accountants LLP. Notice of Name Change (Document No. 41).

[2] This matter was referred to the undersigned United States Magistrate Judge for full case management. Amended Order (Document No. 5).

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD.                                                          2

in writing, the various issues presented by Petitioner's application.  *See* Unopposed Motion of Respondent Deloitte Touche Tohmatsu CPA LTD to Vacate the Schedule Set Out in the Order to Show Cause and Require the Parties to Negotiate a New Schedule (Document No. 12); 01/13/2012 Minute Order; Order (Document No. 15); Scheduling Order (Document No. 22).

After the parties commenced briefing, Petitioner filed an Unopposed Motion for Stay of This Action (Document No. 29), representing that it was engaged in discussions and negotiations with Chinese regulatory officials to discuss a "mechanism by which the SEC can obtain audit workpapers and other documents from audit firms based in China [] in connection with its enforcement investigations."  Following a status conference, the court granted the request for a six-month stay of the proceedings.  08/07/2012 Minute Order.  The parties were ordered to file a status report by January 18, 2013, but in advance of that date, Petitioner filed a Motion to Lift the Stay ("Petitioner's Motion") (Document No. 36) and Respondent subsequently filed a Motion to Extend the Stay ("Respondent's Motion") (Document No. 43).

At a status conference conducted on January 29, 2013, the undersigned heard the arguments of counsel with respect to the stay, and extended the stay pending resolution of Petitioner's Motion to Lift the Stay and Respondent's Motion to Extend the Stay.  Upon consideration of the motions, the arguments of counsel at oral argument on the motions, and the entire record herein, the court will vacate the stay of this proceeding.

**CONTENTIONS OF THE PARTIES**

In seeking to lift the stay, Petitioner represents that its negotiations with the China Securities Regulatory Commission ("CSRC") were unsuccessful, that "the CSRC remains unwilling or unable to provide the SEC with meaningful assistance in its enforcement

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD.                                      3

investigations," and that accordingly, Petitioner must proceed "through efforts such as this subpoena enforcement action."  Petitioner's Motion at 5.

　　　　Respondent does not dispute that the initial reason for staying this matter – negotiations with the CSRC – is no longer a basis for staying these proceedings.  Respondent's Motion at 1 (acknowledging that the "direct government-to-government negotiations" were "unsuccessful").  Rather, Respondent, advancing a new reason for staying this matter, contends that "a consolidated and profession-wide administrative proceeding against the five major China-based audit firms, including [Respondent]" is a "parallel litigation of core issues . . . ."  *Id.* at 1-3.  Respondent requests that the court extend the stay "pending further developments in the consolidated administrative proceedings . . . captioned *In the Matter of BDO China Dahua CPA Co. Ltd., et al.*, A.P. No. 3-15116."  Proposed Order (Document No. 43-1).  In support of its request, Respondent argues, *inter alia*, that the administrative proceeding will include consideration of similar "core questions" and that a stay will "avoid piecemeal, unfair, and inefficient resolution" and will further "judicial economy"; Respondent will be "unfairly singled out" absent a stay; "parallel litigation also risks generating conflicting decisions on a matter of significant public (and international) importance"; and the court does not have the benefit of "all the key industry participants before it and is not addressing the issue on a profession-wide basis."  *See generally* Respondent's Motion; Opposition of Deloitte Touche Tohmatsu CPA LTD to Motion to Lift the Stay ("Respondent's Opposition") (Document No. 42).

　　　　Petitioner, in response, contends that the "Administrative Proceeding involves different legal claims that arise from different SEC investigations and present different legal standards."  Securities and Exchange Commission's Reply Memorandum in Support of its Motion to Lift the

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD.                                              4

Stay ("Petitioner's Reply") (Document No. 44) at 5.  Specifically, Petitioner submits that "[t]he Longtop investigation is not at issue in the Administrative Proceeding, nor can the Administrative Proceeding compel the production of any documents."  *Id.*  Petitioner contends that extending the stay would "essentially put[] the SEC's Longtop investigation on indefinite hiatus."  Securities and Exchange Commission's Memorandum of Points and Authorities Opposing Motion to Extend the Stay ("Petitioner's Opposition") (Document No. 45) at 3.  Petitioner argues that further delaying its investigation will "harm[] both the SEC and investors."  *Id.* at 11.

**APPLICABLE STANDARD**

A district court has "broad discretion" in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *Am. Ctr. for Civil Justice v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011) (citations omitted).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The court must, in an "exercise of judgment," "weigh competing interests and maintain an even balance."  *Id.* at 254-55.

The party requesting a stay "bears the burden of establishing its need." *Clinton*, 520 at 708 (citation omitted).  "[I]n cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted," *Landis*, 299 U.S. at 256, and "[t]he scope of the stay and the reasons for its issuance determine whether a stay is immoderate," *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012), *cert. denied*, 133 S.

Ct. 274 (2012).

**DISCUSSION**

*Overlap of Issues*

Respondent contends that there are common "core issues" between this action and the administrative proceeding, and characterizes them as "whether an SEC document demand" is enforceable in a scenario such as Respondent's, "and [] if so, whether any U.S. sanction for non-compliance with such a demand may be appropriate under these circumstances." Respondent's Opposition at 2. For the reasons set forth herein, the undersigned finds that Respondent's broad characterization does not accurately reflect the narrow scope of review before this court.

In this action, Petitioner seeks to compel compliance with an administrative subpoena served on Respondent in connection with an SEC investigation, *In the Matter of Longtop Financial Technologies Limited*. Application for Order Requiring Compliance with Subpoena (Document No. 37).[3] As grounds for its request, Petitioner alleges that Respondent failed to comply with a "properly issued and served" administrative subpoena for "documents relating to [Respondent's] auditing of the financial statements of a company known as Longtop Financial Technologies Limited . . . ." *Id.* at 2. Petitioner requests relief in the form of an order directing Respondent to comply with the subpoena by producing the requested documents. *Id.* at 3.

This court has a limited role in a proceeding to enforce an administrative subpoena: "it is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and

---

[3] Following the court's order staying this matter for six months, the court, with the consent of the parties, denied without prejudice Petitioner's original Motion for an Order Requiring Compliance with a Subpoena (Document No. 1). Order (Document No. 33). Concurrently with its request to lift the stay, Petitioner re-filed an Application for Order Requiring Compliance with Subpoena (Document No. 37), which is currently pending for consideration.

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD.                                    6

the information sought is reasonably relevant." *FTC v. Texaco, Inc.*, 555 F.2d 862, 871-872 (D.C. Cir. 1977) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632 (1950)); *see also U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 253 (D.C. Cir. 2005); *FERC v. J.P. Morgan Ventures Energy Corp.*, No. 12-352, 2012 WL 5974177, at *1 (D.D.C. Nov. 29, 2012) (quoting *United States v. ISS Marine Servs., Inc.*, No. 12–481, 2012 WL 5873682 (D.D.C. Nov. 21, 2012)). "[T]he scope of issues which may be litigated in an enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity." *Texaco, Inc.*, 555 F.2d at 872; *see ASAT, Inc.*, 411 F.3d at 253; *FTC v. Bisaro*, No. 10-289, 2010 WL 4910268, at *5 (D.D.C. Aug. 17, 2010).

The administrative proceeding pending before the Securities and Exchange Commission "stems from [the] willful refusal [of five entities, including Respondent] . . . to provide the Commission with audit workpapers and other materials prepared in connection with audit work or interim reviews performed for [clients] . . . ." Declaration of Brian E. Kowalski in Support of Deloitte Touche Tohmatsu CPA LTD.'s Opposition to Motion to Lift the Stay, Exhibit 1 ("Order Instituting Administrative Proceedings") (Document No. 42-2) at 3. The Commission, in the administrative proceeding, alleges that it served Respondent with a document request, pursuant to section 106 of the Sarbanes-Oxley Act of 2002, related to "Client G," and that Respondent violated securities law by "willfully refus[ing]" to provide the requested documents. *Id.* at 4-5; *see* 15 U.S.C. § 7216(e) ("A willful refusal to comply, in whole in or in part, with any request by the Commission or the Board under this section, shall be deemed a violation of this Act.").

The administrative tribunal will consider "whether [the five respondents] should be censured or denied the privilege of appearing and practicing before the Commission . . . ." Order

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD.                    7

Instituting Administrative Proceedings at 5.  Under the Commission's Rules of Practice, "[t]he Commission may censure a person or deny, temporarily or permanently, the privilege of appearing or practicing before it in any way to any person who is found by the Commission after notice and opportunity for hearing in the matter . . . [t]o have willfully violated, or willfully aided and abetted the violation of any provision of the Federal securities laws or the rules and regulations thereunder."  17 C.F.R. § 201.102(e)(1).

Respondent contends that the enforceability of Petitioner's document requests are at issue in both proceedings because "[a]n audit firm cannot 'willfully refuse' to produce documents to the SEC if the request itself is unenforceable."  Respondent's Opposition at 15.  Petitioner maintains that the standard for proving willful violation of the securities laws differs from the standard for enforcement of an administrative subpoena, and thus, "[a]ny overlap of issues . . . will be limited, and may well be of little or no consequence."  Petitioner's Opposition at 17.

With respect to the governing legal standards, although both proceedings touch on broad issues surrounding document requests to entities similarly situated to Respondent and both tribunals may have occasion to consider the scope of Petitioner's authority in such circumstances, a determination of whether Respondent's failure to respond amounted to "willful refusal" is not pertinent at this stage of the instant miscellaneous action.  Further, Respondent has not demonstrated that the administrative tribunal will consider the Commission's authority to request documents under 15 U.S.C. § 77s(c) or § 78u(b), as this court likely will, as opposed to the Commission's authority under § 7216(b).  *See United States v. Philip Morris USA Inc.*, 841 F. Supp. 2d 139, 142 (D.D.C. 2012) ("The issues to be addressed . . . here are very different substantively from and are governed by different statutory standards than those raised in [the

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD.                                      8

other proceeding]."). Respondent's discussion regarding the court's consideration of sanctions, *see* Respondent's Opposition at 15-16, is premature, as the court has not yet ruled on the pending motion to require subpoena compliance. *Cf. In re Sealed Case*, 825 F.2d 494, 496 (D.C. Cir. 1987) (noting that the district court conducted a show cause hearing and "issued an order holding appellants in civil contempt").

Although not dispositive, the facts underlying the two proceedings differ. The administrative subpoena at issue concerns Petitioner's Longtop investigation. Respondent acknowledges that the investigation that is the basis of the allegation in the administrative proceeding pertains to a different client than Longtop. Respondent's Opposition at 7. Moreover, the requested relief differs. In this matter, Petitioner seeks to compel compliance with a subpoena in order to obtain documents, whereas in the administrative proceeding, Petitioner contemplates disciplinary sanctions. A finding at the administrative level of whether or not Respondent's noncompliance with a document request amounted to a willful violation may be informative, but it is not material to this court's determination of whether another document request, invoking different statutory authority, is enforceable.

### *Duration of the Stay*

The nearly year-long period of time which the administrative proceeding is likely to consume is a factor which the court must weigh. Respondent, in its motion, requests a stay "pending further developments in the consolidated administrative proceedings . . . ." Proposed Order. It acknowledges that the administrative proceeding, currently before an Administrative Law Judge ("ALJ"), is "subject to review by the full Commission and the D.C. Circuit . . . ." Petitioner's Motion at 2. On the record at the January 29, 2013 hearing, Respondent limited its

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD.                                      9

request to a stay pending determination only by the ALJ.  The parties submit that the ALJ has 300 days to render a decision, but Petitioner represents that the ALJ can seek an extension of time under the Commission's rules.  *See* Petitioner's Opposition at 7.  Petitioner also represents that resolution of a dispute regarding service may "affect the due date for [the hearing officer's] initial decision."  *Id.* at 7 n.5.

The Court of Appeals for the District of Columbia Circuit found a request for stay "sufficiently indefinite to require a finding of a pressing need under *Landis*" where "the record fail[ed] to show either what a 'resolution' of [the parallel] case would entail or when such a resolution [wa]s likely to be reached."  *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012), *cert. denied*, 133 S. Ct. 274 (2012) (noting that unlike cases in which the stay "encompass[ed] all possible appeals," the requested stay was only pending consideration by the current tribunal); *see Philip Morris USA Inc.*, 841 F. Supp. 2d at 141 (finding that a period of "at least one or more years to get resolved" and additional time for further review was "lengthy and indefinite").  Similarly, here, the requested stay would be, at a minimum, almost one year, and does not have an ascertainable end date.

In the alternative, Respondent requests a stay "until there is a ruling by the Administrative Law Judge on the threshold issue of whether the SEC must first seek to enforce in federal court the ten document requests at issue in the Consolidated Omnibus Proceeding *before* initiating administrative disciplinary proceedings."  Respondent's Opposition at 4 n.3, 16 n.10.  It is Respondent's position that "the SEC must first enforce a Section 106 request in federal court, before it can initiate administrative disciplinary proceedings for the alleged failure to comply with that request."  Respondent's Opposition at 8, 12.  Respondent opines that if it succeeds in

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD. 10

this argument, "the SEC will be required to proceed first in federal court . . . and a federal court can resolve the enforcement aspects of those ten other requests in a single proceeding in conjunction with the instant subpoena enforcement action." *Id.* at 4 n.3, 12.

Petitioner argues that it might appeal such a determination by the administrative body, and further argues that Respondent's alternative position is "premised on the uncertain prediction that the Commission would decide to file actions in district court seeking to enforce its various Sarbanes-Oxley requests." Petitioner's Opposition at 21. For the reasons offered by Petitioner, the court finds Respondent's alternative request for a stay too indefinite.

### *Balance of Interests*

"[A] district court's issuance of an indefinite stay order must be supported by 'a balanced finding that such need overrides the injury to the party being stayed.'" *Belize Soc. Dev. Ltd.*, 668 F.3d at 732 (citation omitted) (finding that the district court failed to "engage in the interest balancing required by *Landis*," of "the court's interests in judicial economy and any possible hardship to the parties").

In support of its request, Respondent argues that it "will be unfairly singled out" in this proceeding, since the court "does not have all the key industry participants before it and is not addressing the issue on a profession-wide basis." Respondent's Motion at 3-4; Respondent's Opposition at 17. In articulating the hardship that it would face, the court finds that Respondent has not identified a "pressing need" that would warrant a stay of such prolonged duration. *See Belize Soc. Dev. Ltd.*, 668 F.3d at 732; *cf. Doe v. Sipper*, 869 F. Supp. 2d 113, 117 (D.D.C. 2012) (finding the balance of interests favored a ninety-day stay of a civil action pending disposition of a related criminal action after noting the significance of the defendant's constitutional right

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD.     11

against self-incrimination).

On the other hand, Petitioner contends that extending the stay would preclude it from "obtain[ing] documents that are critical to its ongoing Longtop investigation within any reasonable timeframe," and that such a delay would "harm[] both the SEC and investors." Petitioner's Opposition at 11. Petitioner's asserted reasons comport with the purpose behind the summary nature of administrative subpoena enforcement proceedings. *See, e.g.*, *Texaco, Inc.*, 555 F.2d at 872 (recognizing the "important governmental interest in the expeditious investigation of possible unlawful activity" in the context of an enforcement proceeding).

Respondent contends that extending the stay "will best serve the interests of judicial economy," by avoiding "parallel litigation of core issues" and avoiding the risk of "inconsistent holdings on a matter of international importance." Respondent's Motion at 2-3; Respondent's Opposition at 13-14. As the court previously noted, the issues are not likely to overlap to an extent which would render the parallel proceedings inefficient. *Cf. Naegele v. Albers*, 355 F. Supp. 2d 129, 141 (D.D.C. 2005) (granting a stay pending arbitration proceedings after finding that claims were "dependent on the outcome of the" dispute being arbitrated, and that "sever[ing] them into separate proceedings" would "frustrate" the "policy reasons for [statutory] mandatory arbitration of fee disputes"). Further, staying this proceeding for an indefinite period will not promote judicial efficiency. *See DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 31 (D.D.C. 2002) ("Postponing the resolution of the issues raised in this case for some indefinite time does not comport with the efficient and timely judicial resolution of matters before the federal courts.").

For all of the foregoing reasons, the court finds that the interests weigh in favor of

U.S. Securities and Exchange Commission v. Deloitte Touche Tohmatsu CPA LTD. 12

terminating the stay.

**CONCLUSION**

It is, therefore, this 4th day of March, 2013,

**ORDERED** that Petitioner's Motion to Lift the Stay (Document No. 36) is **GRANTED**; and it is

**FURTHER ORDERED** that Respondent's Motion to Extend the Stay (Document No. 43) is **DENIED**; and it is

**FURTHER ORDERED** that the parties shall appear before the undersigned at 2:30 p.m. on Wednesday, March 13, 2013 for a hearing with respect to the merits of the pending Application for Order Requiring Compliance with Subpoena (Document No. 37).

/s/
DEBORAH. A. ROBINSON
United States Magistrate Judge