IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Petitioner, )<br>)<br>-v.- )<br>)<br>DELOITTE TOUCHE TOHMATSU CPA LTD., )<br>)<br>Respondent. )<br>_____ ) | Miscellaneous Action<br>No. 11-0512 GK/DAR |

**RESPONDENT'S MEMORANDUM IN REPLY TO PETITIONER'S OPPOSITION TO EMERGENCY MOTION FOR CONTINUANCE OF MARCH 13, 2013 HEARING**

This case was stayed at length at the Securities and Exchange Commission's ("SEC's") own request, and the SEC now says a hearing must go forward on a week's notice without pausing for Deloitte Touche Tohmatsu CPA LLP's ("DTTC's") Objections to the March 4 Order to be heard. There is no basis for short-circuiting DTTC's absolute right to be heard on its Objections.[1] Nor does it make any sense to go forward with a hearing until the legal standard for such hearing has been determined.

Further, the SEC now takes the position that DTTC's request for discovery and proper briefing are "stale" even though the stay was lifted only last week. This effort to block DTTC from responding—prior to a hearing on the merits—to the SEC's voluminous submissions in their unauthorized "reply brief" should not be countenanced.

---

[1] In order to expedite the process, DTTC will file its Objections later today.

Although the next step should be for the SEC and DTTC to meet and confer on discovery, as the SEC itself previously conceded would be appropriate, DTTC notes for the record that at least the following limited discovery and briefing is required:

- The SEC submitted the declaration of a law professor who appears to contend that DTTC's production of the requested workpapers would not violate China law. This late-breaking opinion appears inconsistent with the SEC's own admissions in this case,[2] and the Consolidated Omnibus Proceeding, as well as the recent public statements of a PCAOB Board member.[3] It also conflicts with the opinion offered by DTTC's own experts. In such circumstances, targeted expert discovery and additional evidentiary submissions are necessary.[4]

- The SEC's reply and supporting declarations refer to correspondence exchanged between the CSRC and the SEC in their negotiations over workpaper access, *see* Arevalo Dec. ¶ 3 (correspondence between CSRC and SEC); *see also* Tafara Dec ¶ 18 (numerous communications). DTTC is entitled to see this correspondence, which could be highly relevant to the "competing interests" of China and the United States that are a factor under the multi-factor balancing test that must be applied in this proceeding.

- The declarations filed by the SEC indicate that the CSRC offered to produce the workpapers at issue here (as well as workpapers in another investigation) subject to certain conditions, but the SEC refused those offers. *See* Arevalo Dec. ¶ 36-39, 61-63. Discovery concerning the terms and conditions of those offers would be highly relevant to the availability of "alternative means of securing the information."

Obviously, all of this would have been premature while the stay was still pending.

---

[2] *See* SEC's Reply Memorandum in Support of its Application for an Order Requiring Compliance With Subpoena (Document 38) at 3 ("The SEC does not contend—particularly in light of statements made by the CSRC since the filing of this action—that DTTC bears no risk in complying with the Subpoena. But that fact only highlights that there is a conflict of laws here between DTTC's obligation to comply with U.S. laws and its obligation to comply with Chinese laws.").

[3] *See* Speech by PCAOB Member Lewis Ferguson, Investor Protection through Audit Oversight (Sept. 21, 2012), available at http://pcaobus.org/News/Speech/Pages/09212012_FergusonCalState.aspx ("[u]nder Chinese law, it is illegal to remove audit workpapers from China.").

[4] *See SEC v. Minas de Artemisa, S.A.*, 150 F.2d 215 (9th Cir. 1945) (explaining that the lower court had held an evidentiary hearing with live witnesses to consider the impact of Mexican law on a subpoena recipient's ability to produce documents); *see also* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2444, at 406 (1971) (when construing foreign law, "[t]he court may consider any material the parties wish to present. . . . In addition to primary materials and expert testimony, a litigant may present any other information concerning foreign law that he believes will further his cause. . . .").

Further, as explained in DTTC's Opposition to Motion to Lift the Stay, *see* Document 42 at 19-20, supplemental briefing is needed on the issue whether the subpoena in this case exceeds the SEC's statutory subpoena authority by seeking documents located outside the territorial United States. The United States Supreme Court's opinion in *Morrison v. National Australian Bank Ltd.*, 130 S. Ct. 2869 (2010) is extremely relevant, but—because of the procedural posture of this case—was not adequately addressed in either of the parties' prior briefing.

Finally, the SEC disputes the merits of DTTC's Objections. Those are properly heard by the district judge.

Dated: March 11, 2013                                       Respectfully submitted,


   /s/ Miles N. Ruthberg

LATHAM & WATKINS LLP
Miles N. Ruthberg (255836)
Jamie L. Wine (502548)
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200


   /s/ Michael D. Warden

SIDLEY AUSTIN LLP
Michael D. Warden (419449)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 736-8000

Gary F. Bendinger, *pro hac vice*
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300

*Counsel for Respondent Deloitte Touche Tohmatsu CPA Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2013, I served via electronic mail the above Respondent's Memorandum in Reply to Petitioner's Opposition to Emergency Motion for Continuance for March 13, 2013 Hearing on:

David Mendel
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-2557
MendelD@sec.gov

                                              s/Miles N. Ruthberg
                                              Miles N. Ruthberg