UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____    :
                               :
SECURITIES AND EXCHANGE        :
COMMISSION                     :
                               :
          Petitioner,          :
                               :
     v.                        :    Civil Action No. 11-mc-512
                               :            (GK/DAR)
                               :
DELOITTE TOUCHE TOHMATSU       :
CPA LTD.,                      :
                               :
          Respondent.          :
_____    :
```

## MEMORANDUM OPINION

Petitioner Securities and Exchange Commission ("SEC") filed an Application for Order to Show Cause and for Order Requiring Compliance with a Subpoena on September 8, 2011 [Dkt. No. 1]. On August 7, 2012, Magistrate Judge Deborah A. Robinson entered a minute order granting an Unopposed Motion for Stay of this Action.

On December 3, 2012, the SEC filed a Motion to Lift the Stay [Dkt. No. 36]. Respondent Deloitte Touche Tohmatsu CPA Ltd. ("Deloitte") opposed that Motion on January 7, 2013 [Dkt. No. 42], and filed a Motion to Extend the Stay [Dkt. No. 43]. The SEC opposed Deloitte's Motion on January 24, 2013 [Dkt. No. 45] and filed a Reply in Support of its Motion to Lift the Stay [Dkt. No. 44]. On March 4, 2013, the Magistrate Judge issued a

Memorandum Opinion and Order granting the SEC's Motion to Lift the Stay and denying Deloitte's Motion to Extend the Stay ("Order") [Dkt. No. 49].

Deloitte objected to the Order within fourteen days as permitted by Federal Rule of Civil Procedure 72(a) [Dkt. No. 53]. The SEC responded to Deloitte's Objections [Dkt. No. 55]. Upon consideration of the Order, the Objections, the Responses, the lengthy, and informative, oral argument held before this Court on April 11, 2013, and the entire record herein, the Court upholds the Magistrate Judge's decision to **grant** the SEC's Motion to Lift the Stay and to **deny** Deloitte's Motion to Extend the Stay. Deloitte's Objections are **overruled**.

Deloitte opposed a lifting of the stay and requested its extension "pending the expeditious resolution of a parallel, consolidated, and profession-wide administrative proceeding," pending at the SEC. Opp'n of Deloitte to Motion to Life the Stay 1.[1] Deloitte's central argument is that the Magistrate Judge applied the incorrect legal standard for determining whether or not to grant a stay. The Court concludes that she did apply the correct legal standard, relying upon Landis v. N. Am. Co., 299 U.S. 248 (1936), namely, that in order to prevail,

---

[1] Deloitte later substantially modified its position and requested a stay until the Administrative Law Judge issued his Initial Opinion.

the party requesting a stay must "make out a clear case of hardship or inequity in being required to go forward." Id. at 255.

Moreover, as she also pointed out, if the stay is of "indefinite duration," the party must establish a "pressing need" for it. Id.; Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F. 3d 724, 731-32 (D.C. Cir. 2012) (quoting Dellinger v. Mitchell, 442 F.2d 782, 787 (D.C. Cir. 1971) (noting that indefinite stay order must be supported by a "balanced finding that such need overrides the injury to the party being stayed"), cert. denied, 133 S. Ct. 274 (2012).

This Court will now analyze whether Deloitte is correct that the two proceedings overlap in such a way that Deloitte will suffer "hardship or inequity in being required to go forward in this case." Landis, 299 U.S. at 255.[2]

## A.  Overlapping Adjudications

Deloitte insists there is significant overlap between this case and the Administrative Proceeding, In the Matter of BDO China Dahua CPA Co. Ltd., et al., A.P. No. 3-15116, Order Instituting Proceedings Pursuant to Rule 102(e)(1)(iii) (Dec. 3,

---

[2]   In discussing the correct legal standard, the Magistrate Judge may have, on occasion, used language more appropriate to ruling on the underlying merits of the case. However, it is clear from her citations to Landis, Belize, and Clinton v. Jones, 520 U.S. 681 (1997), that she understood the proper test for evaluating a request for a stay.

2012) ("Administrative Proceeding") [Dkt. No. 42-2]. In that Proceeding the SEC is seeking an Order, pursuant to 17 C.F.R. § 201.102(e)(1), to bar five China-based auditing companies, including Deloitte, from "the privilege of appearing or practicing" before the Commission.   The SEC claims that those firms have willfully refused to produce documents requested by the Commission pursuant to Section 106 of the Sarbanes-Oxley Act of 2002, codified at 15 U.S.C. § 7126.   The companies assert in that Proceeding, as Deloitte does in the present case, that under Chinese law, they will be committing a crime and could be subject to prosecution, possible conviction, and possible imprisonment if they produce the requested documents.   None of the investigations included in the Administrative Proceeding involve Longtop Financial Technologies, Ltd. ("Longtop"), the company being investigated in this case.

In the Order Instituting Proceedings ("OIP"), the Commission ordered the Administrative Law Judge ("ALJ") to issue an "Initial Decision"[3] no later than 300 days from the date of service, which would be in late September,2013. See 17 C.F.R. § 201.360(a)(2) (directing Commission to specify time period in which hearing officer's Initial Decision must be filed). Deloitte is challenging the legality of service, and, therefore,

---

[3] The Initial Decision is the final administrative opinion subject to appeal to the Commission. 17 C.F.R. § 201.410(a).

the 300-day deadline for issuance of the decision may not be met and may not even have begun to run during that time frame.[4]

Once an Initial Decision is filed, any party can then file a petition for review of the decision with the Commission. 17 C.F.R. § 201.410(a). That decision can then be appealed to our Court of Appeals. 15 U.S.C. § 78y(a)(1) ("A person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in . . . the District of Columbia Circuit . . . .").

By contrast, this case revolves around the production of documents under the SEC's general subpoena powers, found in section 19(c) of the Securities Act of 1933, 15 U.S.C. § 77s(c), and section 21(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(b). The SEC served an administrative subpoena to Deloitte on May 27, 2011, almost twenty-three months ago, requesting documents related to an investigation into Deloitte's activities as an auditor for Longtop. Application for Order to Show Cause and For Order Requiring Compliance With a Subpoena [Dkt. No. 1]. Longtop is a foreign issuer whose securities were traded in United States markets.

Unlike the Administrative Proceeding, the SEC is not seeking sanctions against Deloitte in this case. It simply

---

[4] The 300 days runs from the date of service.

seeks the production of relevant documents, although the SEC
agrees that, if this Court grants its Order Requiring Compliance
with Subpoena, and Deloitte continues to withhold the documents,
it would "seek any avenue or means" available, including seeking
a contempt order, "to be able to get the documents." Mot. Hr'g
Tr. 44; see also 15 U.S.C. § 78u(c) (giving court power to issue
an order requiring the production of records and noting that
failure to obey such an order "may be punished by [the] court as
a contempt thereof").

If this Court did cite Deloitte for contempt, its order
would be appealable to our Court of Appeals. See In re Kessler,
100 F.3d 1015, 1016 (D.C. Cir. 1996) (noting that a court of
appeals has jurisdiction over final decisions of the district
court under 28 U.S.C. § 1291, and that "[f]or purposes of
appeal, an order holding a litigant in contempt for failure to
obey a discovery order is considered final"). Thus, the final
decisions emanating from both the SEC and this Court would both
be resolved by the same decision-maker, our Court of Appeals.
Given that fact, this Court sees little danger of inconsistent
rulings on Deloitte's underlying concern about application of
Chinese law.

Although both proceedings obviously concern document
requests to foreign-based auditing firms and the scope of the

-6-

SEC's authority to order such requests, it is significant that they involve different statutes, with different legal standards, and seek entirely different results. The remedy sought in the Administrative Proceeding differs greatly from what is sought in this case.  In the former, the SEC seeks to bar the five firms from "appearing or practicing" before the Commission; in this case, the SEC merely seeks production of documents.

In sum, Deloitte has failed to show any "hardship or inequity," Landis, 299 U.S. at 255, it will suffer from simultaneous litigation of the Administrative Proceeding with this case.

**B.   Balance of Interests**

Not only has Deloitte failed to establish that requiring it to litigate this case while the Administrative Proceeding is pending will subject it to "hardship or inequity," the balance of the interests as a whole do not support extending the stay.

The SEC made clear at oral argument that the Administrative Proceeding did not concern and could not result in production of those documents it deems necessary to conduct the Longtop investigation in this case. Mot. Hr'g Tr. 25-26. The SEC insists that those documents and this investigation are important to its "central mission," which involves investigating potential violations of the securities laws and protection of the public.

-7-

Id. 23-25; see also Gabelli v. S.E.C., 133 S. Ct. 1216, 1222 (2013) (noting that "a central mission of the Commission is to investigate potential violations of the federal securities laws") (citations and internal quotations omitted).

The SEC is attempting to investigate whether Longtop or any other entity associated with it committed fraud on the American investing public. Mot. Hr'g Tr. 24-25. Moreover, if fraud was committed, the SEC argues that it will also attempt to ascertain the scope of that fraud, how it was committed, who was involved, and how it went undetected for so long. Id. These are undoubtedly important questions to the SEC and to the American investors who may have been defrauded.

It has been more than twenty-two months since the SEC first sought these documents from Deloitte. Obviously, a thorough, comprehensive investigation only gets more difficult with the passage of time. "If the SEC suspects that a company has violated the securities laws, it must be able to respond quickly; it must be able to obtain relevant information concerning the alleged violation and to seek prompt judicial redress if necessary." SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1377 (D.C. Cir. 1980) (en banc). In short, the SEC has a responsibility to complete this investigation and pursue these documents in a timely fashion in the venue available to it.

-8-

The SEC's interest in obtaining these documents in a timely fashion would be hindered if the stay was granted, particularly because even the modified stay requested by Deloitte would, as a practical matter, be indefinite and could easily extend for a significant period of time. See Belize Soc., 668 F.2d at 731-32. Although the Commission ordered the ALJ to produce an Initial Decision in approximately late September, litigation of Deloitte's challenge to the method of service will likely delay that decision. If Deloitte prevailed, the SEC would then be required to proceed under the Hague Convention, which would add at least another six months to the 300 days already allotted the ALJ to issue his Initial Decision.   Thus, for all intents and purposes, Deloitte's request is for an indefinite stay--which must not "override[] the injury to the party being stayed." Id.

Such a request for an indefinite stay must not only demonstrate "hardship or inequity," Landis, 299 U.S. at 255, but also be justified by a "pressing need." Id.; Belize Soc., 668 F.3d at 731-32. Deloitte has not met that standard. There is no significant burden placed on Deloitte by requiring it to litigate these two very different proceedings simultaneously. There is no overlap of issues that would justify staying this case for "judicial efficiency." And the SEC has effectively demonstrated that this case is the only way it can obtain the

documents it needs to conduct the Longtop investigation. Thus, after "weigh[ing] competing interests," Landis, 299 U.S. at 254-55, the Court concludes that Deloitte has not established that it is entitled to a further stay of proceedings in this action.

### C.   Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's conclusion to **grant** the SEC's Motion to Lift the Stay and **deny** Deloitte's Motion to Extend the Stay. An Order shall accompany this Memorandum Opinion.

April 22, 2013

/s/ Gladys Kessler

Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF