**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Petitioner, | ) ) | Miscellaneous Action No. 11-0512 GK/DAR |
| -v.- | ) ) | |
| DELOITTE TOUCHE TOHMATSU CPA LTD., | ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

**RESPONDENT DTTC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN
OPPOSITION TO THE SEC'S RENEWED APPLICATION FOR ORDER
REQUIRING COMPLIANCE WITH A SUBPOENA**

Respondent Deloitte Touche Tohmatsu CPA Ltd. ("DTTC") hereby gives notice of supplemental authority in opposition to Petitioner U.S. Securities and Exchange Commission's ("SEC'"s) Renewed Application for an Order Requiring Compliance with a Subpoena ("Renewed Application").

On May 24, 2013, the Public Company Accounting Oversight Board, which is subject to comprehensive oversight by the SEC[1], announced that it had entered into a Memorandum of Understanding ("MOU") on Enforcement Cooperation Between the Public Company Accounting Oversight Board ("PCAOB") and the China Securities Regulatory Commission ("CSRC") and the Ministry of Finance of China ("MOF") regarding the production of documents from China-based audit firms.  (The MOU is attached as Exhibit 1 hereto.)

The MOU took effect immediately and specifically provides for the CSRC, MOF, and PCAOB to provide each other with mutual assistance in obtaining, among other things, audit

---

[1]     *See* 15 U.S.C. § 7211; *see also Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 130 S. Ct. 3138, 3148, 3162 (2010).

workpapers and other audit documents. *See id*. Arts. III, IV, and XII. Under the MOU, the requesting party may use the documents and information in "enforcement proceedings," "any investigation," or "any other purpose permitted or required by … authorizing statute, regulations or rules." *Id*. Art. VII. Importantly, the MOU provides that the PCAOB may "share such information" with the SEC pursuant to Section 105(b)(5)(B) of the Sarbanes-Oxley Act. *Id*. Art. IX(b), (c); *see also* 15 U.S.C. § 7215(b)(5)(B) ("[w]ithout the loss of its status as confidential and privileged in the hands of the Board, all information referred to in subparagraph (A) may … be made available to the Commission …").

The MOU is thus highly relevant as an additional "alternate means" for the SEC to obtain the documents at issue here. *See* DTTC's Opposition (Document No. 63), at 32-35 (discussing the central importance of "alternate means"). The availability of such "alternate means" is a critical factor under the multifactor balancing test for determining the enforceability of a subpoena under principles of international comity. *See id*.

As set forth in DTTC's Opposition, DTTC submits that this Court can and should dispose of this entire action on either of two threshold grounds without reaching the multifactor balancing test: (1) the subpoena exceeds the territorial scope of the SEC's statutory subpoena authority under the 1933 and 1934 Acts; and (2) the SEC's attempted service of the subpoena was ineffective. But if the court nonetheless were to get past these threshold issues and reach the question of whether the balancing test permits enforcement of the subpoena here, the MOU is a critical development. The MOU provides the SEC with an additional alternate means to obtain and use the documents requested in its subpoena here—that is, directly from the PCAOB. *See* Exhibit 1, Art. IX. Further, consistent with the recent disclosures in the SEC's latest filing on May 1, 2013, *see* Second Declaration of Alberto Arevalo at ¶¶ 11-14, the MOU demonstrates

that the U.S. regulators and the CSRC have made extensive progress in resolving their dispute about access to audit workpapers in China, and lends substantial credence to the likelihood that the Longtop workpapers could be produced to the SEC in a "matter of weeks." *Id*. at ¶¶ 13-14.

D.C. Circuit authority and well-settled principles of international comity counsel powerfully against ordering a foreign party to violate foreign law when alternate means of obtaining the documents are available. *See* DTTC Opposition at 32-35; *see Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) ("If the information sought can easily be obtained elsewhere, there is little or no reason to require a party to violate foreign law."); *see also In re Sealed Case*, 825 F.2d 494, 499 (D.C. Cir. 1987) (noting that it is "relevant to our conclusion that the grand jury is not left empty-handed by today's decision"). This Court should deny the SEC's Renewed Application.


Dated:  May 28, 2013                              Respectfully submitted,


                                                    /s/ Miles N. Ruthberg
                                                  _____

                                                  LATHAM & WATKINS LLP
                                                  Miles N. Ruthberg (255836)
                                                  Jamie L. Wine (502548)
                                                  885 Third Avenue
                                                  New York, New York  10022-4834
                                                  Tel: (212) 906-1200


                                                    /s/ Michael D. Warden
                                                  _____

                                                  SIDLEY AUSTIN LLP
                                                  Michael D. Warden (419449)
                                                  Sidley Austin LLP
                                                  1501 K Street, N.W.
                                                  Washington, D.C. 20005
                                                  Tel: (202) 736-8000

                                                  Gary F. Bendinger, *pro hac vice*
                                                  Sidley Austin LLP
                                                  787 Seventh Avenue
                                                  New York, New York 10019

Tel: (212) 839-5300

*Counsel for Respondent Deloitte Touche Tohmatsu CPA Ltd.*